BOYER, Judge.
The Cuban Nurses Association in Exile, Inc., on behalf of all its members and others similarly situated, commenced an action in circuit court for injunctive and declaratory relief pursuant to chapter 86 of the Florida Statutes challenging a rule adopted by the Florida State Board of Nursing which requires applicants for licensure whose basic *117 nursing education was received in another country or territory to, inter alia, “write the same licensing examination as is administered to graduates of an accredited nursing program in Florida.” The defendants in that suit filed a motion to dismiss which was denied by the trial judge, respondent here. Petitioner, one of the defendants in the trial court, thereupon filed a petition for writ of prohibition resulting in our issuance of a rule nisi. The respondent has filed a return and both parties have filed briefs in support of their respective positions.
Upon examining the second amended complaint filed in the trial court, a copy of which has been filed in this proceeding, together with the order of respondent denying the above mentioned motion to dismiss; and upon consideration of the arguments and authorities set forth in the briefs, we conclude that the facts of this case fall squarely within the holdings of this court as announced in State ex rel. Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977) and School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977).
It is a well settled principle of law that one who seeks a constitutional remedy, whether a right or an exemption, has the duty of clearly and positively presenting the issue at the pleading stage. (See Henderson v. Antonacci, 62 So.2d 5 (Fla.1952); Smith v. Ervin, 64 So.2d 166 (Fla.1953) and Jones v. City of Sarasota, 89 So.2d 346 (Fla.1956).) A reading of the complaint, as amended, filed by the plaintiffs in the trial court reveals that although they hinted at and skirted around constitutional issues, there is no clear and positive statement of deprivation by virtue of the challenged rule. (See Carrollwood State Bank v. Lewis, 362 So.2d 110, (Fla. 1st DCA 1978) Opinion filed August 22. 1978. Case No. HH-33 and HH-262.)
No useful purpose will be accomplished by reciting here that which was stated in our Willis, Mitchell, and Carrollwood opinions. Suffice to say, here, as in Willis, there has been no showing that the remedies available under the Administrative Procedure Act are inadequate, nor does it appear that the rule challenge initiated in the circuit court is of such character as to justify the intervention of that court via a declaratory judgment proceeding. (School Board of Leon County v. Mitchell, supra, Carrollwood State Bank v. Lewis, supra)
The rule nisi in prohibition heretofore issued is made absolute.
McCORD, C. J., and MELVIN, J., concur.