GRIFFIN, J.
Barbara Meyers [“Meyers”] appeals an order requiring her to post a bond in an action for interpleader. We reverse.[1]
Meyers is the only surviving child of Raymond Francis Holland [“Holland”]. Holland died on March 13, 1998, leaving his interest in a Dean Witter Reynolds, Inc. [“Dean Witter”] annuity account to Laurent L. Chartrand [“Chartrand”], a live-in aid who had helped care for Holland *1278 for some years prior to his death. The account in question had a value of approximately $300,000 as of Holland’s death.
Meyers brought this action against Chartrand and Dean Witter on May 12, 1998. The complaint contained three counts. Count I sought to cancel Chart-rand’s designation as beneficiary of the account on the basis of undue influence. Count II sought a temporary injunction precluding Dean Witter from distributing monies from the account to Chartrand. Count III sought damages from Dean Witter for breach of fiduciary duty.
Dean Witter denied the allegations of counts I and II and moved to dismiss count III. It also filed a counterclaim and cross-claim for interpleader, in which Dean Witter alleged that ownership of the account should be determined in an action for interpleader. The counterclaim and cross-claim sought an order permitting Dean Witter to deposit the disputed funds with the clerk of the court, and relieving Dean Witter from further liability on any claim.
On June 4, 1998, the court held a hearing on Meyers’ motion for a temporary injunction and Dean Witter’s complaint for interpleader. At the hearing, Meyers agreed to withdraw her motion for temporary injunction and voluntarily dismissed all claims against Dean Witter. Thereafter, the court granted Dean Witter’s request for interpleader, but stated that, by agreement of both parties, the funds in dispute would be retained by Dean Witter.
Subsequent to entry of the order, Chart-rand apparently moved for entry of an order requiring Meyers to post a bond to cover any damages Chartrand might sustain because of his inability to access the funds. Chartrand’s counsel argued that the earlier order entered by the court was the equivalent of a temporary injunction freezing his assets, since the order precluded Chartrand from accessing the monies in the Dean Witter account. Chart-rand thus argued that Meyers should be required to post a bond, in the event that the “injunction” was wrongfully issued. Meyers argued that in its current incarnation the action was an action for inter-pleader, for which no bond was required or appropriate.
The court agreed with Chartrand that Meyers should be required to post a bond, because the order interpleading funds for disposition by the court prevented Chart-rand from accessing monies in his name. The court also agreed that the bond should be sufficient to cover the cost of Chart-rand’s fees. The court set bond at $26,-000.
There appears to be no basis for requiring either claimant in an interpleader action to post a bond to preclude the release of funds to an opposing party. In-terpleader contemplates the deposit of disputed funds into the registry of the court, or such other place as the parties agree. It is the deposit of the funds pendente lite which is the basis for relieving the stakeholder from further liability. The proximate cause of Chartrand’s lack of access to the funds is the interpleader, not Meyers’ hostile claim to the funds. The court is plainly under a duty to preserve the fund pending a final disposition on the merits, once the court has determined that inter-pleader is proper. Not surprisingly, no case was found in which interpleaded funds were released because of one party’s failure to post a bond. There also appears to be no basis for requiring either party to post a bond to pay damages to the prevailing party resulting from the inability to access the disputed funds during the pen-dency of the interpleader.
REVERSED and REMANDED with instructions to vacate the order requiring a bond.
ANTOON, C.J., and W. SHARP, J., concur.

. Because the lower court expressly treated the interpleader as an injunction and entered the appealed order accordingly, we have taken jurisdiction under Florida Rule of Appellate Procedure 9.130. Certiorari would, in any event, be available.