741 So.2d 1259 (1999)
GENERAL STAR INDEMNITY COMPANY, Petitioner,
v.
ANHEUSER-BUSCH COMPANIES, INC., et al., Respondents.
No. 99-1005.
District Court of Appeal of Florida, Fifth District.
October 8, 1999.
*1260 Susan B. Harwood of Boehm, Brown, Seacrest, Fischer & Lefever, P.A., Orlando, for Petitioner.
Lamar D. Oxford of Dean Ringers Morgan & Lawton, P.A., Orlando, and Robert I. Westerfield of Bowles & Verna, Walnut Creek, CA, for Respondents.
W. SHARP, J.
General Star Indemnity Company (General Star) petitions this court to review by certiorari and quash the trial court's order denying its motion to dismiss the third party bad faith count filed against it, in a lawsuit which also involves disputed insurance coverage issues. It is appropriate that we do so. See Blanchard v. State Farm Mutual Auto. Ins. Co., 575 So.2d 1289 (Fla.1991); Doan v. John Hancock Mutual Life Ins. Co., 727 So.2d 400 (Fla. 3d DCA 1999) (en banc). Although the foregoing cited cases involve first party bad faith actions, the rationale equally applies to this case, and we grant the writ.
This lawsuit germinated out of a well-publicized accident which occurred in 1996 when a ski boat went out of control, flew into the spectator stand, and injured a number of visitors to the Sea World show in Ohio. Sea World had contracted with World Entertainment Services (WES) to perform water ski shows at its parks. WES was required to obtain liability insurance for certain shows and include Sea World as an additional named insured. Sphere Drake Insurance Company (Sphere) issued a general liability policy to WES with limits of $1,000,000 per occurrence/$2,000,000 aggregate limits. General Star issued an excess general liability policy with liability limits of $4,000,000 per occurrence/$4,000,000 aggregate in excess of the limits of the Sphere Drake policy to WES.
The plaintiffs/respondents in this proceeding, Anheuser-Busch Companies, Inc., Busch Entertainment Corporation, and Sea World, Inc. (collectively called Busch) asked Sphere and General Star to settle the cases involving persons injured in the accident who had brought claims against Busch, and in particular Jeffrey Willis' case. He had been the most seriously injured person in the accident. The insurers began to investigate the circumstances of the accident and coverage issues. However, Busch informed General Star that if it declined to settle the Willis suit, Busch would negotiate directly with Willis and seek reimbursement from General Star for the amount paid to Willis.
General Star responded that Busch had no right to unilaterally settle the lawsuit, except at its own expense. Willie General Star was still allegedly investigating Willis' claims and related issues of coverage with regard to its policy, Busch settled the Willis lawsuit. The settlement and release expressly released only Busch, not WES.
Busch then filed a complaint against General Star and Sphere in Orange County, Florida, alleging a breach of contract to insure, and, in the case of General Star, a breach of the duty of good faith based on General Star's refusal to indemnify Busch for the sums it paid in settlement of the Willis lawsuit. General Star took the position that only WES was the named insured under its policy, and that Busch was not an additional insured under its policy because of the exclusion in its incorporation clause which referenced the Sphere policy.
General Star moved to dismiss Busch's third party bad faith count against it, on the ground that the bad faith claim could not be pursued or prosecuted until the coverage issues were determined. It argues that the bad faith count should *1261 have been dismissed because there has been no finding that any of the Busch entities are insured under the General Star policy, and no excess judgment has been rendered against any or all of the Busch entities in the Willis' lawsuit. See Cunningham v. Standard Guaranty Ins. Co., 630 So.2d 179 (Fla.1994) (third party must first obtain a judgment in excess of the applicable policy limits before a common law bad faith claim against a liability carrier can be prosecuted). With regard to the later argument, because of the settlement of the Willis lawsuit, it may not be possible for there to be an excess judgment against Busch.[1]
However, there is a statutory cause of action provided by section 624.155, Florida Statutes.[2] That statute provides:
(1) Any person may bring a civil action against an insurer when such person is damaged:
(a) By a violation of any of the following provisions by the insurer:
1. Section 626.9541(1)(i), (o), or (x); [wrongful refusal to settle]
* * * * * *
(b) By the commission of any of the following acts by the insurer:
1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.
At this point it is too early to tell if General Star has violated the statute. The standard for evaluating bad faith claims against insurers for first party as well as third party claims under the common law as well as under the statute is whether the insurer acted fairly and honestly toward its insured with due regard for the insured's interests. State Farm Mutual Auto. Ins. Co. v. Laforet, 658 So.2d 55 (Fla.1995) (requiring evaluation of insurer's promptness and diligence in resolving coverage dispute in a first party cause of action), receding from Imhof v. Nationwide Mutual Ins. Co., 643 So.2d 617, 619 (Fla.1994) (dicta adopting "fairly debatable" standard).
For both first party and third party bad faith claims against insurers, recent case law has clarified the point that coverage and liability issues must be determined before a bad faith cause can be prosecuted. Blanchard; Doan. Failure to follow this procedure would, in effect, reverse the established case law that discovery of an insured's claim file is not permissible until the insurer's obligation to provide coverage has been established. See American Bankers Ins. Co. v. Wheeler, 711 So.2d 1347 (Fla. 5th DCA 1998); State Farm Fire & Casualty Co. v. Martin, 673 So.2d 518 (Fla. 5th DCA 1996). We also agree with General Star that it would be irreparably harmed by having to litigate the bad faith claim with the coverage claim because the evidence used to prove the bad faith claim would prejudice the jury's views on the coverage issue.
Accordingly, we grant the petition for certiorari and quash the order under review, with directions to dismiss or abate the bad faith claim pending resolution of the coverage issues.
Petition for Writ of Certiorari GRANTED; Order QUASHED; REMANDED.
COBB and THOMPSON, JJ., concur.
NOTES
[1] See Auto Mutual Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852 (1938); American Fire & Casualty Co. v. Davis, 146 So.2d 615 (Fla. 1st DCA 1962).
[2] Cf. North American Van Lines, Inc. v. Lexington Ins. Co., 678 So.2d 1325 (Fla. 4th DCA 1996) (in bad-faith action against primary and excess indemnity insurers where it was undisputed that coverage existed, no excess judgment in underlying action against insured was required of insured to assert its claims).