770 So.2d 696 (2000)
FLORIDA FISH AND WILDLIFE COMMISSION, Petitioner,
v.
Raymond S. PRINGLE and Ronald Fred Crum, Respondents.
No. 1D99-3781.
District Court of Appeal of Florida, First District.
August 30, 2000.
Rehearing Denied November 9, 2000.
Robert A. Butterworth, Attorney General; Jonathan A. Glogau and Charlie McCoy, Assistant Attorneys General, Tallahassee, for petitioner.
Ronald A. Mowrey and Donna S. Biggins, of Mowrey & Minacci, Tallahassee, for respondents.
*697 PER CURIAM.
The Florida Fish and Wildlife Commission, defendant in the trial court, petitions this court for a writ of certiorari to review denial of its motion to dismiss. Finding, for the reasons set forth below, that petitioner has failed to demonstrate an injury which cannot be remedied on appeal from a final order, we deny the petition.
Plaintiffs Raymond S. Pringle, Jr., and Ronald Fred Crum filed an action for declaratory judgment in the Circuit Court for Wakulla County. According to their complaint, they are commercial fishermen whose activities are subject to Article X, section 16, of the Florida Constitution, which became effective in 1995 (commonly referred to as the "net ban"). Section 16(b) of this constitutional provision prohibits the use of gill nets or entangling nets but permits other nets so long as their mesh area does not exceed 500 square feet. Plaintiffs designed a net which is approximately 220 feet long and 2.25 feet in depth, stating that the net mesh and twine size would change with seasonal changes and the targeted species. They sought a declaration that use of this net would not violate the net ban. Plaintiffs argued, among other things, that the net they propose could be used by the elderly and physically disabled while cast nets (which are permitted) cannot, thus implicating issues under the Basic Rights contained in Article I, section 2 of the Florida Constitution.
Defendant moved to dismiss the complaint, arguing that such action was required under the doctrine of primary jurisdiction and the requirement that parties seeking relief exhaust their available administrative remedies. The trial court found the doctrine of primary jurisdiction not applicable to the instant dispute and denied the motion to dismiss. The Commission timely petitioned this court for a writ of certiorari to review that decision.
In order to obtain certiorari review of an interlocutory order, petitioner must demonstrate both a departure from the essential requirements of law and an injury which cannot be remedied on appeal from a final order. Esman v. Board of Regents, 425 So.2d 156 (Fla. 1st DCA 1983). It is well-settled that the time and expense of a trial which ultimately proves to have been unnecessary do not satisfy the "irreparable harm" prong of this standard. Continental Equities, Inc. v. Jacksonville Transportation Authority, 558 So.2d 154 (Fla. 1st DCA 1990); Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975). This reasoning has consistently been cited by the appellate courts of this state in declining to review denial of motions to dismiss by certiorari. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987); Johnson v. Henningson, 370 So.2d 60 (Fla. 4th DCA 1979), and cases cited therein. Petitioner here seeks to avoid this result by contending that commercial fishermen could flood the trial courts of this state with a multiplicity of declaratory actions regarding various proposed nets. Petitioner asks this court to intervene at this juncture to direct that relief must be first applied for with the Commission in such instances. Given the speculative nature of this argument, we are not convinced that this case should be made an exception to the general rule that certiorari is not available to review interlocutory orders which deny motions to dismiss.
We further decline to exercise our discretion pursuant to Florida Rule of Appellate Procedure 9.040(c) and treat the petition for writ of certiorari as seeking prohibition relief. Unlike Florida Marine Fisheries Commission v. Pringle, 736 So.2d 17 (Fla. 1st DCA 1999) (a case decided on appeal from a final judgment), here there is no parallel proceeding before an administrative tribunal involving the same or a similar issue. Moreover, plaintiffs' novel theories for trial court relief do not fit neatly within the analytical framework of Key Haven Associated Enterprises, Inc. v. Board of Trustees of the Internal Improvement *698 Trust Fund, 427 So.2d 153 (Fla.1982). Application of the doctrine of primary jurisdiction and the requirement of exhaustion of administrative remedies to this case through the remedy of prohibition would require us to decide the issue as a matter of law before a complete record has been developed in the trial court. Accordingly, the petition is DENIED.
BOOTH and KAHN, JJ., concur; BROWNING, J., special concurring with written opinion.
BROWNING, J., special concurring.
I concur in the majority opinion denying petitioner's petition for writ of certiorari, as I think it is correct as to the issue addressed. However, I believe we should convert to and consider the case at bar as a petition for writ of prohibition, which we are permitted to do. See Art. V, § 2(a) Fla. Const.; R. 9.040(c), Fla. R.App. P.
The sole issue for our determination in the case at bar is whether or not the principle of primary jurisdiction as enunciated by this court in Florida Marine Fisheries Comm'n. v. Pringle, 736 So.2d 17 (Fla. 1st DCA 1999), precludes the trial court from exercising jurisdiction until after petitioner's administrative process has been invoked and completed.
Jurisdictional issues, such as primary jurisdiction, are customarily determined pursuant to a writ of prohibition, and this court has so held on numerous occasions. State Bd. of Nursing v. Santora, 362 So.2d 116 (Fla. 1st DCA 1978); Department of Transportation v. Anderson Columbia, 651 So.2d 1267 (Fla. 1st DCA 1995); Smith v. Willis, 415 So.2d 1331 (Fla. 1st DCA 1982); Department of Professional Regulation v. Hall, 398 So.2d 978 (Fla. 1st DCA 1981); Department of Revenue v. Joanos, 364 So.2d 24 (Fla. 1st DCA 1978). This court's determination not to follow these precedents, and its ruling on the hyper-technical point that the petition for writ of certiorari fails to show petitioner will suffer "irreparable injury" that cannot be remedied on appeal, merely postpones a final determination of the applicability of Pringle to the case at bar. If we make this determination in the prohibition context, the parties will be able to move forward with confidence that what takes place in the trial court will lead to a final determination rather than a determination that entails a probability that all of the issues between the parties will have to be decided administratively after the trial court has toiled fruitlessly for months on end. If this occurs, the parties will have incurred unnecessary expense and useless stress for no good reason. By our making a determination on Pringle in the instant case, rather than temporarily postponing that inevitable determination as we are doing, we would create a "win-win" situation for the parties, in my opinion.
Converting petitioner's petition for writ of certiorari to a petition for writ of prohibition does not do violence to traditional principles of appellate review of petitions for certiorari. Certiorari relief is tailored to remedy errors in the application of substantive law when there is no question that the trial court has power to act. On the other hand, prohibition is designed to determine whether a trial court is empowered to act, regardless of its determination. The fact that petitioner misapprehended its correct remedy does not give this court an adequate basis to refrain from giving, or preclude this court from giving, meaningful relief, which in my opinion we have not done.
In summary, for these reasons, I concur in the court's decision as it relates to certiorari relief, but state in the interest of the proper and efficient administration of the precedents of this court that I would convert the petition for certiorari to one seeking prohibition. After so doing, I would then determine for the parties whether the principle enunciated in Pringle applies and whether the trial court can properly entertain respondent's action. It would be far better for this determination to be made now, rather than at a later *699 time by another panel of this court, that will be impelled to make such determination some 18 to 24 months from now.