864 So.2d 1270 (2004)
HARTFORD INSURANCE COMPANY, etc., Petitioner,
v.
MAINSTREAM CONSTRUCTION GROUP, INC., Respondent.
No. 5D03-2678.
District Court of Appeal of Florida, Fifth District.
February 6, 2004.
*1271 Anthony J. Russo, Lisa A. Oonk and Andrew L. Patten of Butler Pappas Weihmuller Katz Craig, LLP, Tampa, for Petitioner.
Joel W. Walters of Walters Levine Brown Klingensmith & Thomison, P.A., Sarasota, for Respondent.
MONACO, J.
This petition for certiorari considers the issue of when claims for bad faith and unfair claim settlement practices may be raised by an insured who seeks to sue his own insurance carrier. We conclude that these claims may only be brought after coverage and contractual issues between the insured and the insurer are resolved, and therefore grant the petition.
The respondent, Mainstream Construction Group, Inc. ("Mainstream"), entered into a contract to renovate and perform alterations to a building. Mainstream applied for and received a policy of builder's risk insurance issued by the petitioner, Hartford Insurance Company ("Hartford"). Several months after issuance of the policy a fire occurred at the construction site causing extensive damage to the existing building and the renovations. Upon receiving the claim, Hartford took the position that the policy only covered damages to the interior improvements of the project, and did not cover damages to the exterior of the existing building.
Mainstream, believing that the policy covered both the interior and the exterior, filed suit seeking declaratory relief, damages for breach of contract, and several other remedies. In the fourth count of the complaint Mainstream sought damages for alleged bad faith dealings by Hartford in violation of section 624.155(1)(b)(1), Florida Statutes (2002), and unfair claim settlement practices in violation of section 626.9541(1)(i), Florida Statutes (2002). In response to Hartford's motion to dismiss, the trial court struck those parts of count IV concerning bad faith dealings, but denied the motion with respect to the claim for unfair claim settlement practices.
Hartford petitions this court for certiorari relief. Although certiorari is ordinarily not available to review an order denying a motion to dismiss, it is available when, as here, irreparable injury may occur by premature discovery of an insurer's internal business records and claim files. See General Star Indem. Co. v. Anheuser-Busch Companies, Inc., 741 So.2d 1259 (Fla. 5th DCA 1999). If the challenged order is a departure from the essential requirements of law that causes material injury, and if the order leaves the petitioner with no other adequate remedy to review the alleged erroneous order, then certiorari will lie. See Beverly Enterprises-Florida, Inc. v. Ives, 832 So.2d 161 (Fla. 5th DCA 2002), review denied, 845 So.2d 890 (Fla.2003). Using this standard, we conclude that certiorari is appropriate.
We begin by an examination of the statutes that provide the foundation for count IV. Section 624.155(1)(b)(1), the statutory provision authorizing a claim for first party insurer unfair claim settlement practices, reads in pertinent part:
(1) Any person may bring a civil action against an insurer when such person is damaged:
...

*1272 (b) By the commission of any of the following acts by the insurer:
1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.
As interpreted by the Florida Supreme Court, "an insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue." See Blanchard v. State Farm Mut. Ins. Co., 575 So.2d 1289, 1291 (Fla.1991). Thus, there must first be a determination regarding coverage and contractual issues between Mainstream and Hartford before an action for bad faith can proceed. See Old Republic Nat'l. Title Ins. Co. v. HomeAmerican Credit, Inc., 844 So.2d 818 (Fla. 5th DCA 2003); American Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347 (Fla. 5th DCA 1998). Accordingly, the trial court's order striking the paragraphs related to this cause of action was correct.[1]
Section 624.155(1)(a) also creates a cause of action for an insured under section 626.9541(1)(i) for certain unfair methods of competition and unfair or deceptive acts or practices. Count IV of Mainstream's complaint seeks relief under this statute, as well. Among many other things, Mainstream asserts that Hartford attempted to settle claims on the basis of a material document that was altered without the knowledge or consent of the insured; that Hartford made material misrepresentations with the intent of effecting a settlement of claims under less favorable terms than those contemplated by the policy; and that Hartford misrepresented pertinent facts or policy provisions related to coverage. The issue before us, then, is whether Mainstream should be permitted to litigate these claims before coverage is determined, or whether the claims for violation of section 626.9541(1)(i) are also premature. We hold that the claims are prematurely brought.
We observe in this connection that the rationale undergirding the rule requiring a determination of coverage and contractual issues before a claim for bad faith may be prosecuted is essentially the same as for a claim for unfair settlement practices. See Lane v. Provident Life & Accident Ins. Co., 71 F.Supp.2d 1255 (S.D.Fla.1999); General Star Indemnity. If there is no insurance coverage, nor any loss or injury for which the insurer is contractually obligated to indemnify, the insurer cannot have acted in bad faith in refusing to settle the claim. Similarly, if there is no coverage, then the insured would suffer no damages resulting from its insurer's unfair settlement practices. In addition, the carrier would clearly be prejudiced by having to litigate either a bad faith claim or an unfair settlement practices claim in tandem with a coverage claim because the evidence used to prove either bad faith or unfair practices could well jaundice the jury's view of the coverage issue. Id. Finally, as an insured is not entitled to discover an insurer's claim file or documents relating to the insurer's business policies or claims practices until coverage has been determined, it is inappropriate to run the bad faith and unfair settlement practices claims conjoined with *1273 coverage issues. See Old Republic Nat'l Title.
We conclude, therefore, that the trial court departed from the essential requirements of law in its order dealing with count IV. Accordingly, we grant the petition for certiorari and quash the order under review as it concerns count IV. The trial court should either dismiss count IV without prejudice or abate count IV pending resolution of the coverage issues.
Petition for Writ of Certiorari GRANTED; Order QUASHED.
PALMER and ORFINGER, JJ., concur.
NOTES
[1] Dismissal without prejudice or abatement appear to be the preferred procedural remedies. See, e.g., Allstate Ins. Co. v. Baughman, 741 So.2d 624 (Fla. 2d DCA 1999); General Star Indemnity.