869 So.2d 621 (2004)
PROGRESSIVE CONSUMERS INSURANCE CO., Petitioner,
v.
Barbara A. DAY, Respondent.
No. 1D03-2768.
District Court of Appeal of Florida, First District.
March 16, 2004.
Rehearing Denied April 14, 2004.
*622 H. Lester McFatter, and Harold R. Mardenborough, of McFarlain & Cassedy, P.A., Tallahassee, for Petitioner.
John Barry Kelly II, of Kelly & Associates of Florida, LLC, Pensacola, for Respondent.
PER CURIAM.
Petitioner Progressive Consumers Insurance Company petitions for a writ of certiorari, asking this Court to quash the trial court's order denying petitioner's motion to dismiss the respondent Barbara Day's bad faith claim against petitioner. Petitioner has failed to show that it will suffer irreparable harm that cannot be adequately remedied on appeal. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099-1100 (Fla.1987) (stating that while it is often appropriate to review orders granting discovery by certiorari, motions to dismiss and motions to strike claims should not be reviewed by certiorari); Florida Fish & Wildlife Comm'n v. Pringle, 770 So.2d 696, 697 (Fla. 1st DCA 2000) (stating that the time and expense of litigation that would be dismissed if certiorari were granted does not constitute irreparable injury); Nationwide Mut. Fire Ins. Co. v. Hess, 814 So.2d 1240, 1243 (Fla. 5th DCA 2002) (denying certiorari review because the denial of a motion to dismiss a bad faith action can be adequately reviewed on plenary review); Hartford Accident & Indem. Co. v. U.S.C.P. Co., 515 So.2d 998, 1002 (Fla. 4th DCA 1987) (stating that taking certiorari review of a motion to dismiss a bad faith claim should not be treated differently than any other motion to dismiss because of the nature of the action).
We, therefore, deny the petition without prejudice to petitioner seeking a writ of certiorari in this Court if the trial court compels discovery of privileged or protected documents. See Progressive Am. Ins. Co. v. Lanier, 800 So.2d 689, 691 (Fla. 1st DCA 2001) (granting certiorari review of a motion to compel certain allegedly protected documents because the "erroneous production of [the privileged/protected] documents cannot be remedied on appeal"); Allstate Ins. Co. v. Am. S. Home Ins. Co., 680 So.2d 1114, 1117 (Fla. 1st DCA 1996) (granting certiorari review where the trial court compelled the production of documents protected by the attorney-client privilege and work-product doctrine).
DENIED without prejudice.
WOLF, C.J., PADOVANO and POLSTON, JJ., concur.