BROWNING, J.
National Life Insurance Company, the petitioner, seeks certiorari review of the circuit court’s non-final order denying Petitioner’s motion for summary judgment and/or judgment on the pleadings regarding the claim made by Mary Elizabeth Harrell, the respondent, for statutory, first-party bad faith under section 624.155, Florida Statutes (2003). Petitioner asserts that it discharged its obligation to “tender” payment of certain insurance benefits within the 60-day “cure” period in statutory subsection (3)(d), such that Respondent has no cause of action under the statute. Because Petitioner has not demonstrated that “the challenged order is a departure from the essential requirements of law that causes material injury, and ... leaves *1079 the petitioner with no other adequate remedy to review the alleged erroneous order,” Hartford Ins. Co. v. Mainstream Constr. Group, Inc., 864 So.2d 1270, 1271 (Fla. 5th DCA 2004), we deny the petition for writ of certiorari. See Fla. R.App. P. 9.030(b)(2)(A) (providing for district court certiorari jurisdiction over “non-final orders of lower tribunals other than as prescribed by rule 9.130”); see Meyers v. Chartrand, 739 So.2d 1277, 1278 (Fla. 5th DCA 1999) (“Interpleader contemplates the deposit of disputed funds into the registry of the court, or such other places as the parties agree. It is the deposit of the funds pendente lite which is the basis for relieving the stakeholder from further liability”).
PETITION DENIED.
ALLEN and VAN NORTWICK, JJ„ concur.