898 So.2d 113 (2005)
ONEBEACON INSURANCE CO., Petitioner,
v.
DELTA FIRE SPRINKLERS, INC., Respondent.
No. 5D04-2273.
District Court of Appeal of Florida, Fifth District.
February 25, 2005.
Rehearing Denied April 11, 2005.
*114 William L. Grant and Earnest DeLoach, Jr. of Shutts & Bowen LLP, Orlando, for Petitioner.
Rosemary H. Hayes and Tina L. Caraballo of Hayes & Caraballo, P.L., Orlando, for Respondent.
ORFINGER, J.
The construction of the Lakeview Apartments has proven to be fertile ground for litigation. Two cases in the circuit court have spawned five matters before this Court, all related in some fashion to the same construction project. In the instant matter, OneBeacon Insurance Co. seeks certiorari review of two interrelated rulings which, OneBeacon contends, cause it irreparable harm not subject to remedy on direct appeal. Specifically, OneBeacon contends that the trial court erred by allowing Delta Fire Sprinklers, Inc. to assert a bad faith claim against it prior to a coverage determination, and by allowing Delta Fire to assert a punitive damages claim without first complying with the requirements of section 768.72, Florida Statutes (2001).[1]
Delta Fire furnished and installed "a complete fire protection system at Lakeview Apartments." Soon after, Delta Fire filed an action in Seminole County circuit court case no. 01-CA-1770 (case no. 1), against Bridgeport, Inc.; Bridgeport-Strasberg Joint Venture (the contractor); and General Accident Insurance (the surety). Delta Fire alleged a breach of contract claim against the contractor, and a construction payment bond claim against the surety pursuant to section 713.23, Florida Statutes (2001). Delta Fire subsequently filed a separate construction lien foreclosure action against the project owner, Lakeview Club, Ltd., in circuit court case no. 02-CA-1033 (case no. 2). Delta Fire then amended its complaint in case no. 2, adding a claim against OneBeacon Insurance seeking recovery on a "common-law" bond. In February 2003, based on "common questions of law and fact, as well as identical parties," the circuit court consolidated the two cases for discovery and trial. In August, 2003, the court entered summary final judgment in case no. 2 in favor of Lakeview Club and OneBeacon. The net result of the summary judgment was that OneBeacon was no longer a party to case no. 2.
Notwithstanding OneBeacon's apparent victory in case no. 2, in April, 2004, Delta Fire moved in case no. 1 to file an "Amended Complaint in Consolidated Cases" to assert bad faith and punitive damages claims against OneBeacon, previously not a party to case no. 1. The trial court permitted the amendment and allowed Delta Fire to assert a bad faith claim against OneBeacon under section 624.155, Florida Statutes (2001).[2] The trial court also ruled that Delta Fire's "claim *115 for punitive damages shall be allowed pending an evidentiary hearing," and further ordered that three hours be set aside for an evidentiary hearing "on the sole issue of [Delta Fire's] entitlement to pursue a claim for punitive damages against OneBeacon."
Certiorari review of an interlocutory order is appropriate if the challenged order is a departure from the essential requirements of law that causes material injury, and if the order leaves the petitioner with no other adequate remedy to review the alleged erroneous order. See, e.g., Hartford Ins. Co. v. Mainstream Constr. Group, Inc., 864 So.2d 1270, 1271 (Fla. 5th DCA 2004).
In its certiorari petition, OneBeacon first asserts that it was improper to allow the initiation of a section 624.155 bad-faith insurance claim against it prior to the conclusion of the underlying coverage litigation and that a punitive damages claim should not have been permitted without compliance with section 768.21(1), Florida Statutes (2001).
OneBeacon correctly argues that the trial court's order, allowing Delta Fire to assert a bad faith claim against it, was improper before the coverage issue had been resolved. See, e.g., Vest v. Travelers Ins. Co., 753 So.2d 1270 (Fla.2000); Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289 (Fla.1991); Old Republic Nat'l Title Ins. Co. v. HomeAmerican Credit, Inc., 844 So.2d 818 (Fla. 5th DCA 2003). In Mainstream Construction Group, Inc., this Court explained the rationale behind the rule:
We observe in this connection that the rationale undergirding the rule requiring a determination of coverage and contractual issues before a claim for bad faith may be prosecuted is essentially the same as for a claim for unfair settlement practices. See Lane v. Provident Life & Accident Ins. Co., 71 F.Supp.2d 1255 (S.D.Fla.1999); General Star Indemnity [Co. v. Anheuser-Busch Cos., Inc., 741 So.2d 1259 (Fla. 5th DCA 1999)]. If there is no insurance coverage, nor any loss or injury for which the insurer is contractually obligated to indemnify, the insurer cannot have acted in bad faith in refusing to settle the claim. Similarly, if there is no coverage, then the insured would suffer no damages resulting from its insurer's unfair settlement practices. In addition, the carrier would clearly be prejudiced by having to litigate either a bad faith claim or an unfair settlement practices claim in tandem with a coverage claim because the evidence used to prove either bad faith or unfair practices could well jaundice the jury's view of the coverage issue. Id.

864 So.2d at 1272. As in Mainstream Construction Group, Inc., the trial court erred in considering OneBeacon's alleged bad faith denial of coverage  a question that is necessarily based on a favorable determination of Delta Fire's entitlement to coverage  before first resolving the coverage issue.
Next, OneBeacon contends that the trial court's order, which treated the consolidated cases as "merged," was improper. OneBeacon argues that when cases are consolidated for discovery or trial *116 purposes, they are not merged into a single action, nor do they affect the substantive rights of the parties to each action. Similarly, consolidated cases do not lose their individual identities as distinct, separately-filed causes of action. See CDI Contractors, LLC v. Allbrite Elec. Contractors, Inc., 836 So.2d 1031, 1033 (Fla. 5th DCA 2002) (stating that "[c]onsolidation affects only the procedure of the cases, but has no effect on the substantive rights of the parties in an individual case, and does not destroy their separate identities"); see also St. Mary's Hosp., Inc. v. Brinson, 685 So.2d 33 (Fla. 4th DCA 1996). Further, consolidation does not make those who are parties in one suit parties in the other suit. Wagner v. Nova Univ., Inc., 397 So.2d 375, 377 (Fla. 4th DCA 1981).
Likewise, OneBeacon observes that Delta Fire's claims against it were concluded by summary final judgment, thereby, precluding amendment of those claims in case no. 2. However, when Delta Fire sought and obtained leave of court to amend its complaint in case no. 2, it attempted to merge these two suits below rather than treating them as separate and distinct actions. Treating the two cases as one adversely affects OneBeacon's rights in both cases. Prior to the challenged order, the trial court granted summary final judgment against Delta Fire as to all of its claims against OneBeacon in case no. 2. As a result, case no. 2 was concluded with regard to OneBeacon, and OneBeacon was the prevailing party as to the specific claims against it in that case. Merger of the two cases into one claim for damages, however, creates an ambiguity concerning which party is actually successful on the merits of the multiple causes of action.
In CDI Contractors, LLC, this Court was faced with a similar question of treating consolidated cases separately for purposes of accurately identifying prevailing parties and apportioning damages and fee awards. In that case, the trial court treated two consolidated cases as merged by offsetting the judgment in one case against the judgment in the other and awarding a net judgment to one party. The trial court also awarded prevailing party attorney's fees to only one party, despite the fact that each party prevailed on one of the actions, entitling each to an attorney's fee award. This Court reversed the trial court, and remanded the case back to the lower court. The remand required separate judgments for each party in the respective cases and an award of attorney's fees to each of the parties consistent with their success on the merits. Id. at 1033. Here, OneBeacon asserts it faces the same danger presented in CDI Contractors. Because of the potential prejudice to OneBeacon, we conclude that the trial court's order allowing the filing of a single amended complaint, operating as to both cases, constitutes a departure from the essential requirements of law.
Our disposition of the first issue renders moot the propriety of the assertion of a punitive damage claim.
CERTIORARI GRANTED; ORDER QUASHED.
SHARP, W. and TORPY, JJ., concur.
NOTES
[1] In pertinent part, section 768.72(1), Florida Statutes (2001), provides:

768.72. Pleading in civil actions; claim for punitive damages
(1) In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.
[2] Section 624.155(1)(b)1., Florida Statutes (2001), provides in relevant part:

624.155. Civil remedy
1) Any person may bring a civil action against an insurer when such person is damaged:
...
(b) By the commission of any of the following acts by the insurer:
1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests
....