940 So.2d 1284 (2006)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,
v.
Jennifer BREWER, Respondent.
No. 5D06-739.
District Court of Appeal of Florida, Fifth District.
November 9, 2006.
Paul L. Nettleton of Carlton Fields, P.A., Miami, for Petitioner.
Michael S. Rywant and Kerry C. McGuinn, Jr. of Rywant, Alvarez, Jones, Russo & Guyton, P.A., Tampa, and Don McKeever, Winter Park, for Respondent.
THOMPSON, J.
State Farm Mutual Automobile Insurance Company ("State Farm") seeks a writ of certiorari or prohibition quashing the *1285 trial court's order that denied State Farm's motion for summary judgment and alternative motion to dismiss Jennifer Brewer's statutory bad faith claim. State Farm contends that the order is a departure from the essential requirements of the law for which it has no adequate remedy by plenary appeal. We agree that the court departed from the essential requirements of the law. However, because State Farm has failed to show it will suffer irreparable harm that cannot be adequately remedied on appeal, we deny the petition.
Brewer was involved in an automobile accident with an uninsured driver in March 1992. She was insured under a State Farm automobile policy that provided uninsured motorist ("UM") and other coverages. Brewer was not seriously injured; she saw her family doctor to treat minor discomfort four times in the following two weeks and sought no further treatment. State Farm paid all medical expenses$447in 1992 under Brewer's no-fault coverage. She missed two days of work, and State Farm paid 60 percent of her lost wages in 1992 under her no-fault coverage. State Farm did not pay Brewer the remaining 40 percent of her lost wages in 1992.
In September 2002, an attorney advised Brewer that she might have a claim against State Farm for UM benefits arising out of her 1992 accident. She retained him, and on 26 November 2002 he filed a Civil Remedy Notice of Insurer Violation on her behalf with the Department of Insurance that alleged:
[Brewer] wrote State Farm asking for information, but State Farm failed to comply with the request. State Farm also failed to disclose the applicability of coverage and pay benefits. This is a business practice strongly encouraged by State Farm's Performance Planning and Review (PP & R) Program which gave claim representatives monetary incentives to deny, reduce and ignore valid claims. Enclosed please find a copy of pertinent excerpts from the October 19, 2001, Opinion of the Utah Supreme Court in Curtis B. Campbell and Inez Preece Campbell v. State Farm Mutual Automobile Insurance Company which elaborates on the sinister PP & R scheme.
The notice did not state any amount of benefits or contractual damages allegedly due.
On 22 January 2003, within 60 days of the notice's filing, State Farm paid Brewer $162.70 under her UM coverage, which reflected the 40 percent of lost wages not previously paid under Brewer's no-fault coverage plus interest. State Farm formally responded to the civil remedy notice by letters dated 23 January 2003, stating it had cured the alleged violations in accordance with section 624.155, Florida Statutes, and that it requested that Brewer amend or supplement the civil remedy notice to specify any additional amount Brewer might believe she was due.[1] Brewer did not respond, but filed suit in March 2003, alleging that State Farm committed fraud and conspiracy by failing to disclose and pay in 1992 UM benefits due under the insurance contract. She also asserted a statutory bad faith claim against State Farm under section 624.155, Florida Statutes (1991) (and section *1286 626.9541, incorporated by reference therein).[2]
Because the trial court granted summary judgment for State Farm on Brewer's fraud and conspiracy claims, we discuss only the pending bad faith claim. State Farm moved for summary judgment and, alternatively, to dismiss the claim because: (1) it cured the alleged violations by payment within the 60-day cure period; (2) there was no determination of liability and extent of damages owed on the insurance contract, precluding the accrual of a bad faith claim; and (3) Brewer's civil remedy notice was legally inadequate under the statute. Brewer responded that State Farm's cure payment was inadequate because she was not compensated for some unstated additional amount of UM benefits to compensate her for pain and suffering, mental anguish, inconvenience, and other intangible damages. Nevertheless, Brewer also argued that State Farm's cure payment, though inadequate, constituted the determination of liability and extent of damages giving rise to the bad faith claim. Finally, Brewer argued that her civil remedy notice complied with section 624.155 because it was accepted by the Department of Insurance for filing.
The trial court denied State Farm's motion for summary judgment and alternative motion to dismiss, holding "that factual issues presenting jury questions exist as to whether State Farm cured the alleged violations and whether there has been a determination of liability and the extent of damages owed on the insurance contract." State Farm timely sought certiorari review.
"Certiorari review of an interlocutory order is appropriate if the challenged order is a departure from the essential requirements of law that causes material injury, and if the order leaves the petitioner with no other adequate remedy to review the alleged erroneous order." OneBeacon Ins. Co. v. Delta Fire Sprinklers, Inc., 898 So.2d 113, 115 (Fla. 5th DCA 2005); National Life Ins. Co. v. Harrell, 891 So.2d 1078 (Fla. 1st DCA 2004); Hartford Ins. Co. v. Mainstream Constr. Group, Inc., 864 So.2d 1270, 1271 (Fla. 5th DCA 2004). We have held that "coverage and liability issues [involving a contract of insurance] must be determined before a bad faith cause can be prosecuted." General Star Indem. Co. v. Anheuser-Busch Cos., 741 So.2d 1259 (Fla. 5th DCA 1999); OneBeacon, 898 So.2d at 115; Hartford, 864 So.2d at 1271.
State Farm is correct that the court erred by allowing Brewer's statutory bad faith claim to proceed without a prior determination of liability and the extent of damages allegedly owed on the insurance contract.[3] The trial court found that "factual issues . . . exist as to . . . whether there has been a determination of liability and the extent of damages owed on the insurance contract." Thus, the order finds that the issues of State Farm's liability under the contract and the extent of damages owed have yet to be determined. The trial court's order is internally inconsistent, *1287 and erroneous because the order has the effect of allowing the bad faith suit to proceed despite the finding that the basis for such a suit has not been established. See Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289, 1291 (Fla. 1991) ("Absent a determination of the existence of liability . . . and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle."); Vest v. Travelers Ins. Co., 753 So.2d 1270 (Fla.2000) ("We continue to hold in accord with Blanchard that bringing a cause of action in court for violation of section 624.155(1)(b)1 is premature until there is a determination of liability and extent of damages owed on the first party insurance contract."). This constituted a departure from the essential requirements of the law.
However, we note that a predominant feature in the insurance cases, but absent here, is an order that prejudiced petitioner by forcing it to litigate a bad faith or unfair settlement practices claim in tandem with a coverage claim. See OneBeacon, 898 So.2d at 115; Hartford, 864 So.2d at 1271-73; General Star, 741 So.2d at 1261. State Farm cannot demonstrate the order causes irreparable injury and leaves it with no other adequate remedy to review the alleged erroneous order. See Nat'l Life Ins. Co. v. Harrell, 891 So.2d 1078, 1078-79 (Fla. 1st DCA 2004). Its concern appears to involve the time and expense of litigation. We find Progressive Consumers Insurance Co. v. Day, 869 So.2d 621, 622 (Fla. 1st DCA 2004), and the cases cited therein, to be instructive:
Petitioner . . . ask[s] this Court to quash the . . . order denying petitioner's motion to dismiss the respondent['s] . . . bad faith claim. . . . Petitioner has failed to show that it will suffer irreparable harm that cannot be adequately remedied on appeal. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099-1100 (Fla.1987) (stating that while it is often appropriate to review orders granting discovery by certiorari, motions to dismiss and motions to strike claims should not be reviewed by certiorari); Florida Fish & Wildlife Comm'n v. Pringle, 770 So.2d 696, 697 (Fla. 1st DCA 2000) (stating that the time and expense of litigation that would be dismissed if certiorari were granted does not constitute irreparable injury); Nationwide Mut. Fire Ins. Co. v. Hess, 814 So.2d 1240, 1243 (Fla. 5th DCA 2002) (denying certiorari review because the denial of a motion to dismiss a bad faith action can be adequately reviewed on plenary review); Hartford Accident & Indem. Co. v. U.S.C.P. Co., 515 So.2d 998, 1002 (Fla. 4th DCA 1987) (stating that taking certiorari review of a motion to dismiss a bad faith claim should not be treated differently than any other motion to dismiss because of the nature of the action).
Accordingly, we DENY the petition without prejudice to petitioner seeking a writ of certiorari in this court if the trial court compels discovery of privileged or protected documents. See Federated Nat'l Ins. Co. v. Copeland, 932 So.2d 310, 311 (Fla. 2d DCA 2006); Progressive Consumers, 869 So.2d at 622.
GRIFFIN and MONACO, JJ., concur.
NOTES
[1] We realize this fact clashes with Brewer's allegation in her motion for summary judgment that "[a]t no time did (State Farm) contact Ms. Brewer's attorney about the amount of benefits that might be due under the policy to "cure" the violations alleged in the statutory notice."
[2] The trial court granted State Farm's and the other Defendants' motion for summary judgment on Plaintiff's fraud and conspiracy claims based on the statute of limitations, leaving the bad faith claim the only claim pending in the case.
[3] We note that Brewer's statutory bad faith claim may never ripen. To obtain a determination regarding liability and the extent of damages owed on the insurance contract, Brewer would need to bring an action on the contract, which would likely be precluded by the statute of limitations, i.e., five years from the date of the accident. See Woodall v. Travelers Indem. Co., 699 So.2d 1361 (Fla.1997); State Farm Mut. Auto. Ins. Co. v. Kilbreath, 419 So.2d 632 (Fla.1982); § 95.11(2)(b), Fla. Stat. (1991).