IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

2501, LLC,

        Appellant/Cross-Appellee,

 v.                                              Case No.  5D17-580

PRICE BUSTER MATTRESS, LLC AND
PRICE BUSTER MATTRESS FLORIDA, LLC,

        Appellees/Cross-Appellants.

_____/

Opinion filed August 10, 2018

Appeal from the Circuit Court
for Brevard County,
George B. Turner, Judge.

Dennis F. Fairbanks, Melbourne, for
Appellant/Cross-Appellee.

Michael E. Dujovne and David J. Volk
of Volk Law Offices, P.A., Melbourne,
for Appellees/Cross-Appellants.

PER CURIAM.

     2501, LLC ("Landlord"), filed two separate complaints against Price Buster

Mattress, LLC ("Tenant"), alleging breach of a commercial lease. The parties stipulated

that in the first suit,[1] Landlord sought to recover for Tenant's alleged breach of lease

---

[1] Brevard County Circuit Court case number 05-2014-CA-37148.

through the date of filing of the first complaint—August 5, 2014. In the second suit,[2] Landlord sought to recover through the date of filing of the second complaint—November 4, 2015. The two suits were consolidated and tried together. The issues at trial revolved around which party breached the lease agreement and when Landlord retook possession of the premises. The trial court ultimately found that Tenant breached the lease, but that Landlord retook possession of the property on June 6, 2014, and thereafter failed to mitigate its damages.

Landlord appeals, arguing that the trial court erred in finding that it retook possession of the premises. Tenant cross-appeals, contending that the Landlord was, in fact, the breaching party and that the trial court erred in its determination of when Landlord retook possession. Tenant also argues that the trial court erred in not separating the two cases in the final judgment.

We affirm both appeals because competent, substantial evidence supports the trial court's determinations that Tenant breached the lease but that Landlord retook possession of the premises on June 6, 2014. However, we agree with Tenant that even though the cases were consolidated for trial, Tenant is entitled to a judgment separating the two cases for damages purposes, as well as a determination as to which party was the prevailing party in each case. See OneBeacon Ins. Co. v. Delta Fire Sprinklers, Inc., 898 So. 2d 113, 116 (Fla. 5th DCA 2005) ("[C]onsolidated cases do not lose their individual identities as distinct, separately filed causes of action."); cf. CDI Contractors, LLC. v. Allbrite Elec. Contractors, Inc., 836 So. 2d 1031, 1033 (Fla. 5th DCA 2002) (remanding for trial court to enter separate judgments for damages, interest, attorney's

---

[2] Brevard County Circuit Court case number 05-2015-CA-048128.

2

fees, and costs on separate but consolidated cases; ordering trial court on remand to "apportion (if possible) the fees attributable" to the separate cases).

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

COHEN, C.J., PALMER and LAMBERT, JJ., concur.