# Third District Court of Appeal

## State of Florida

Opinion filed April 21, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0120
Lower Tribunal No. 20-20577
_____

## National Fire & Marine Insurance Company, et al.,
Petitioners,

vs.

## Infinity Biscayne Myrtle Members, LLC,
Respondent.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.

Butler Weihmuller Katz Craig LLP, and Mihaela Cabulea, John V. Garaffa, and William R. Lewis (Tampa), for petitioners.

Zarco Einhorn Salkowski & Brito, P.A., and Colby G. Conforti, Robert F. Salkowski, and Robert Zarco, for respondent.


Before MILLER, GORDO, and BOKOR, JJ.

MILLER, J.

Petitioners, National Fire & Marine Insurance Company and Certain Underwriters at Lloyd's London Participating in Policy Number 09-7590091654-S-03, seek certiorari review of an order denying their joint motion to dismiss three counts of a multicount complaint filed by Infinity Biscayne Myrtle Members, LLC.[1] Adhering to our precedent, we dismiss the petition.[2]

This insurance dispute stems from a series of governmentally mandated closures purportedly enacted to mitigate the effects of the COVID-19 pandemic. After its tenants were forced to limit their operations as the result of pandemic-related shutdowns, Infinity, a commercial landlord, filed suit against National Fire and Lloyd's seeking to recover lost revenue under an all-risk insurance policy.

The operative complaint consists of five counts: (I) anticipatory breach of contract; (II) breach of contract; (III), breach of contract (civil authority coverage); (IV) breach of covenant of good faith and fair dealing; and (V) bad faith. Petitioners moved to dismiss the anticipatory breach count, contending

---

[1] After the motion was denied, Infinity abated the bad faith claim.

[2] "A finding that the petitioning party has 'suffered an irreparable harm that cannot be remedied on direct appeal' is a 'condition precedent to invoking a district court's certiorari jurisdiction.'" Bd. of Trs. of the Internal Improvement Tr. Fund v. Am. Educ. Enter., LLC, 99 So. 3d 450, 454-55 (Fla. 2012) (citation omitted).

it did not constitute a cognizable claim under Florida law, and the counts for breach of covenant of good faith and fair dealing and bad faith, asserting they were premature because coverage issues had not yet been resolved. The trial court denied the motion and the instant petition ensued.

Acknowledging the anticipatory breach claim constitutes a viable cause of action and "the law permits a plaintiff to allege alternative theories," we discern no error in the failure to dismiss this claim and turn our analysis to the allegation of breach of good faith and fair dealing. Niemi v. Brown & Williamson Tobacco Corp., 862 So. 2d 31, 34 (Fla. 2d DCA 2003) (citation omitted); see also Peachtree Cas. Ins. Co. v. Walden, 759 So. 2d 7, 8 (Fla. 5th DCA 2000); Twenty-Four Collection, Inc. v. M. Weinbaum Constr., Inc., 427 So. 2d 1110, 1112 (Fla. 3d DCA 1983). It is axiomatic Florida does not recognize first-party common law bad faith claims. See QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc., 94 So. 3d 541, 547 (Fla. 2012). Rather, in this context, bad faith claims are statutory, governed by section 624.155, Florida Statutes.

Here, the breach of good faith and fair dealing count recites the failure of National Fire and Lloyd's to act in good faith in adjusting Infinity's loss, specifically alleging they "unreasonably withheld a formal coverage decision in bad faith." As penned, it appears to be merely a cloaked claim for bad

3

faith, thus, in the absence of a coverage determination, premature. See Landers v. State Farm Fla. Ins. Co., 234 So. 3d 856, 859 (Fla. 5th DCA 2018) ("There are three prerequisites to filing a statutory bad-faith claim: (1) determination of the insurer's liability for coverage; (2) determination of the extent of the insured's damages; and (3) the required notice must be filed under section 624.155(3)(a).") (citation omitted).

Despite this apparent prematurity, a vast body of binding precedent precludes a finding of irreparable harm in the current procedural posture. See State Farm Fla. Ins. Co. v. Seville Place Condo. Ass'n, Inc., 74 So. 3d 105, 109 (Fla. 3d DCA 2011) ("[A] trial court order denying a motion to dismiss an allegedly-premature bad faith claim would not, without more, satisfy the 'irreparable harm' requirement for certiorari; that form of alleged injury can be remedied on direct appeal.") (citation omitted); State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So. 2d 633, 636 (Fla. 2d DCA 2008) ("[B]ad faith cases follow the general rule that orders denying motions to dismiss are not properly reviewable by certiorari because the alleged injury can be remedied on direct appeal.") (citation omitted); State Farm Mut. Auto. Ins. Co. v. Brewer, 940 So. 2d 1284, 1287 (Fla. 5th DCA 2006) ("State Farm cannot demonstrate the order [denying its motion to dismiss] causes irreparable injury and leaves it with no other adequate remedy to review the

alleged erroneous order.") (citation omitted); <u>Progressive Consumers Ins. Co. v. Day</u>, 869 So. 2d 621, 622 (Fla. 1st DCA 2004) (Petitioner requested the court "to quash the trial court's order denying petitioner's motion to dismiss the respondent Barbara Day's bad faith claim against petitioner. Petitioner has failed to show that it will suffer irreparable harm that cannot be adequately remedied on appeal.") (citations omitted); <u>cf.</u> <u>Old Republic Nat'l Title Ins. Co. v. HomeAmerican Credit, Inc.</u>, 844 So. 2d 818, 819 (Fla. 5th DCA 2003) (Quashing a discovery order because "a party is not entitled to discovery of an insurer's claim file or documents relating to the insurer's business policies or practices regarding the handling of claims in an action for insurance benefits combined with a bad faith action until the insurer's obligation to provide coverage has been established.") (citations omitted); <u>Liberty Mut. Ins. Co. v. Farm, Inc.</u>, 754 So. 2d 865, 866-67 (Fla. 3d DCA 2000) (The court quashed an "order requiring the insurer to respond to discovery directed to the issue of insurer bad faith.  Such discovery is premature until such time as the claim for statutory bad faith has accrued and been filed."); <u>Am. Bankers Ins. Co. of Fla. v. Wheeler</u>, 711 So. 2d 1347, 1348 (Fla. 5th DCA 1998) (quashing order "compelling disclosure of the privilege claim file" prior to the determination of coverage); <u>State Farm Fire & Cas. Co. v. Martin</u>, 673 So. 2d 518, 519 (Fla. 5th DCA 1996) (granting

petition for certiorari and quashing discovery order as "no judicial determination that State Farm ha[d] an obligation to provide coverage" under the terms of the policy had been made).

Accordingly, relief in certiorari does not lie and we dismiss the petition.

Dismissed.

GORDO and BOKOR, JJ., concur.

GORDO, J., concurring.

I concur with the majority opinion that we are bound to dismiss the petition at this juncture.  I write to express my view that forcing a party to litigate a clearly premature bad faith claim does cause irreparable harm, irremediable on plenary appeal.

First, I note that although National Fire asserts Infinity Biscayne's notice of abatement was vague and lacked "predictability as to what will trigger the active pursuit of [the bad faith] count," Infinity Biscayne is bound by the arguments made before this Court.  Infinity Biscayne advised that it has abated its bad faith claim and argued to this Court that any argument raised by National Fire on that claim was mooted by its voluntary abatement. It conceded that the bad faith claim "is no longer being litigated in this case." It is therefore precluded from taking an alternative position in the proceedings before the trial court.  This, in part, compelled our result.

Second, this Court and many of our sister courts have held that a petitioner cannot demonstrate irreparable harm on review of a trial court's order merely denying its motion to dismiss.  See, e.g., State Farm Fla. Ins. Co. v. Seville Place Condo. Ass'n, Inc., 74 So. 3d 105, 108–09 (Fla. 3d DCA

2011). While several have followed that precedent, I believe that a party is necessarily irreparably harmed when it is forced to litigate against a claim that is undeniably premature. It is undisputed that a trial court order denying dismissal but granting discovery on a premature claim constitutes irreparable harm. See Maj. Op. at 4–5. In contrast, an order that denies dismissal and requires a party to file its answer and affirmative defenses to a premature bad faith claim does not. Cf. Sevilla Place, 74 So. 3d at 108 (stating that although the petitioner had yet to respond to the complaint below and would eventually be required to do so, no irreparable harm was "certain to follow"). Requiring National Fire & Marine to respond to the complaint means that it is required to take a legally binding position on all allegations made in Infinity Biscayne's complaint, including those pertaining to the premature bad faith claim. Carvell v. Kinsey, 87 So. 2d 577, 579 (Fla. 1956) ("Citation of authorities is unnecessary to sustain the rule that parties[] are bound by the allegations of their pleadings . . . ."); Hart Props., Inc. v. Slack, 159 So. 2d 236, 238–39 (Fla. 1963) (same); Fernandez v. Valle, 364 So. 2d 835, 838 (Fla. 3d DCA 1978) (stating that a defendant was "bound" by an admission made in her answer (citations omitted)). Judicial estoppel would prevent National Fire from later taking a different position than it took at a time before the claim had even accrued. See McPhee v. State, 254 So. 2d 406, 409

8

(Fla. 1st DCA 1971) ("[T]he general rule is that a party cannot occupy inconsistent positions in the course of a litigation." (quoting 12 Fla. Jur. Estoppel and Waiver § 51)).  Thus, it is my position that forcing National Marine to file an answer and take a legally binding position on a claim that is not yet ripe would constitute irreparable harm.

   BOKOR, J., concurs.