318 So.2d 565 (1975)
Martin WIENER, Appellant,
v.
AVIS RENT A CAR and I.T.T. Hamilton Life Insurance Company, Appellees.
No. 74-1392.
District Court of Appeal of Florida, Fourth District.
September 12, 1975.
*566 Walter C. Lehmann, Miami, for appellant.
Robert L. Dube and Richard M. Gale, Miami, for appellee  Avis Rent A Car.
John J. Hearn, Miami Shores, for appellee  I.T.T. Hamilton Life Ins. Co.
DOWNEY, Judge.
This is an interlocutory appeal from an order dismissing with leave to amend appellant's complaint which sought equitable and legal relief.
In material part the complaint in question alleges the following things. Appellant entered into an automobile rental agreement with appellee Avis Rent A Car. As a part of said agreement appellant purchased automobile liability insurance from appellee I.T.T. Hamilton Life Insurance Company, as evidenced by the certificate of insurance attached to the complaint and made a part thereof. Said certificate of insurance did not contain a specific exclusion of uninsured motorist coverage, nor was any endorsement in writing obtained from appellant rejecting said coverage. Appellant was struck from the rear by an uninsured motorist and though he presented his uninsured motorist claim to appellee Avis, it was denied. The complaint was brought by appellant as a class suit for himself and all persons similarly situated.
Upon motion of the appellees the trial court dismissed the complaint with leave to amend. It appears to us the trial court was eminently correct in doing so. The cause of action asserted is based upon the allegation that appellant had purchased from appellee I.T.T. Hamilton Life Insurance Company "automobile liability insurance, as evidenced by the certificate of insurance attached hereto and made a part hereof ..." But examination of the certificate of insurance attached (which is part of the rental agreement) demonstrates quite clearly that it does not provide automobile liability insurance, but, rather, it provides coverage to the person renting the vehicle for accidental death benefits and accident medical expense benefits. The complaint charges that the certificate of insurance did not contain a specific exclusion of uninsured motorist coverage nor had it been rejected in writing. This allegation is of no import because § 627.727, F.S. 1973, requiring the inclusion of uninsured motorist coverage unless rejected by the insured applies only to automobile liability insurance.
Since the appellant may choose upon remand to file an amended complaint, we deem it advisable to comment upon the propriety of the allegations of the complaint to justify a class suit in the circumstance alleged.
The complaint does not allege the existence of a class with a sufficient degree of certainty, nor that it is necessary to bring this suit as a class suit, nor that appellant's interests arising out of his contract are coextensive with other lessees contracting with appellee Avis. These allegations are essential to the maintenance of a class suit. Harrell v. Hess Oil and Chemical Corporation, Fla. 1973, 287 So.2d 291; Port Royal, Inc., v. Conboy, Fla.App. 1963, 154 So.2d 734. Accordingly, the complaint did not allege sufficient facts in any event to justify appellant in maintaining the action as a class suit.
The order appealed from is affirmed.
WALDEN, C.J., and CROSS, J., concur.