465 So.2d 1307 (1985)
Sheri Jackson SALLADE and Dennis Sallade, Appellants,
v.
COLONIAL INSURANCE COMPANY OF CALIFORNIA, Appellee.
No. BA-470.
District Court of Appeal of Florida, First District.
March 14, 1985.
Rehearing Denied April 22, 1985.
*1308 David R. Lewis, of Lewis, Paul, Isaac & Castillo, Jacksonville, for appellants.
Carl A. Felton, Jr., of Boyd, Jenerette, Staas, Joos, Williams & Felton, Jacksonville, for appellee.
SHIVERS, Judge.
Appellants, plaintiffs in the proceedings below, appeal from a final summary judgment in their suit for declaratory judgment and damages.
We affirm the judgment below, and hold that the "uninsured motorist statute", Section 627.727, Florida Statutes (1983), does not apply to personal injury protection auto insurance policies.
In July, 1983, appellee, Colonial Insurance Co. sold appellant Sheri Jackson a "basic personal injury protection" (PIP) auto insurance policy. In buying said policy, appellant signed a "rejection of uninsured motorist coverage" and no discussion was had in reference thereto.
In October 1983 (subsequent to his marriage to Sheri Jackson), appellant Dennis Sallade was seriously injured in an auto accident resulting from the negligence of another driver who only had minimal ($10,000.00) liability insurance coverage. When Mr. Sallade, as an insured under his wife's PIP policy, submitted a claim thereunder, appellees denied the claim.
Subsequently, in March 1984, appellants filed the instant suit wherein they sought a judgment that the subject policy afforded them uninsured motorist coverage pursuant to section 627.727, Florida Statutes (1983).
After both sides moved for summary judgment, the Circuit Court entered final summary judgment for appellee Colonial in August 1984. This appeal followed.
Section 627.727, Florida Statutes, requires that uninsured motorist coverage be offered to anyone who purchases automobile liability insurance. Wiener v. Avis Rent A Car, 318 So.2d 565 (Fla. 4th DCA 1975).
Notwithstanding the plain meaning of its language, appellants argue that section 627.727 should now apply to PIP policies as well. Appellants point out that in 1961, when section 627.727 (originally numbered section 627.0851) was enacted, liability coverage was mandatory in Florida. In 1971, the Legislature passed the "Florida Automobile Reparations Reform Act" (now known as the "Florida Motor Vehicle No-Fault Law," sections 627.730-627.7405, Florida Statutes (1983)), in which PIP, insurance *1309 of a "no-fault" variety, replaced liability insurance as the mandatory coverage. Appellants therefore contend that in order to fully effect legislative intent, uninsured motorist coverage should be offered with all PIP policies.
We disagree. The Legislature has had fourteen years to amend the language of section 627.727 if it had so desired. PIP insurance is not liability insurance. By the plain meaning of section 627.727, Florida Statutes (1983), uninsured motorist coverage need not be offered with PIP policies. See also Wiener, supra.
Appellants' other point on appeal, whether a rejection of uninsured motorist coverage must be knowingly made, becomes moot.
Accordingly, the judgment of the lower court is AFFIRMED.
BOOTH and ZEHMER, JJ., concur.