859 So.2d 526 (2003)
ORANGE COUNTY, Petitioner,
v.
John LEWIS, Respondent.
No. 5D02-3592.
District Court of Appeal of Florida, Fifth District.
October 10, 2003.
Rehearing Denied November 20, 2003.
*527 George L. Dorsett, Orlando, for Petitioner.
Charlie S. Martin and Johnie A. McLeod of McLeod, McLeod & McLeod, P.A., Apopka, for Respondent.
PALMER, J.
Orange County has filed a petition seeking certiorari review of a decision entered by the Ninth Judicial Circuit Court, sitting in its appellate capacity. The circuit court's decision reversed a decision entered by the Orange County Code Enforcement Board which found that John Lewis' use of his agricultural property to store a mobile home violated the Orange County Code. Concluding that the decision of the circuit court constitutes a departure from the essential requirements of law, we grant the petition and quash the circuit court's order.
Lewis, as owner of real property in Orange County zoned A-1 for agricultural use, was charged with violating the Orange County Code for the "storage of a mobile home in an area zoned agricultural, not a permitted use." The Code Violation Notice gave Lewis 15 days to correct the violation by removing the mobile home from his property, and warned that non-compliance would subject him to an enforcement action before the Code Enforcement Board as well as a fine. When Lewis failed to respond to or comply with the terms of the Violation Notice, Orange County formally notified him that a hearing would be held on the alleged violation. Prior to the date of the hearing, Lewis' attorney delivered a written "Notice of Objection to Code Enforcement Board Hearing." However, neither Lewis nor his attorney attended the violation hearing. Upon review, the Code Enforcement Board unanimously found that Lewis was in violation of three sections of the Orange County Code: 38-3, 38-74 and 38-77.
Section 38-3 of the Code sets forth the general restrictions on land use in the County. Of particular importance to the instant case is the fact that this code provision states that any use of property in a manner other than the use designated by the Code is prohibited unless the owner obtains the necessary land use and/or building permits. Section 38-74 of the Code meanwhile provides that buildings, *528 structures, lands and premises shall be used only in accordance with the uses and conditions contained in the "Use Table" set forth in section 38-77. The Use Table lists the purposes and uses to which a real estate parcel may be put. The portion of the Use Table which pertains to agriculturally zoned land provides:
Uses Per SIC
Zoning Code Group Land Use A-1
------------------------------------------------------------------------------------------------
Mobile homes as permanent residential Mobile homes Condition 4
dwelling units including mobile home parks Permitted use
------------------------------------------------------------------------------------------------
Temporary mobile homes, travel trailers and Temporary Condition 5
recreational vehicles (For R.V. parks and mobile homes Permitted Use but
campgrounds, see SIC # 703) Special Exception
 required
(Emphasis added). Conditions 4 and 5 referred to in the Use Table as being applicable to A-1 properties are found in section 38-79 of the Code. Condition 4 provides that residential mobile home use may be permitted on lots in A-1 districts, but "[s]uch mobile home use shall require, before the mobile home is located on the property in question, a permit which shall be issued to the recorded property owner by the zoning department." Condition 5 lists the situations which allow for temporary placement of mobile homes on some types of zoned land, but all of them require the owner to obtain a permit and a special exception.
Based upon its finding that Lewis' storage of his mobile home on his agriculturally zoned property was in violation of Orange County's Code, the Code Enforcement Board ordered Lewis to take remedial action within 30 days and assessed a fine of $100 for each day the violation continued past the compliance date. Lewis timely appealed this ruling to the circuit court.
Upon review, the circuit court reversed the decision of the Code Enforcement Board, concluding that the decision of the Board was arbitrary, unreasonable, and not supported by competent substantial evidence.[1] Specifically, the court ruled that since the Orange County Code did not differentiate instances where the owner is "residing" in a mobile home from instances where the owner is "using" the mobile home for storage, Lewis could not properly be found to be in violation of same:
Since it is difficult to believe that anyone could know, just by reading sections 38-3, 38-74, or 38-77, they may not "store" an uninhabited mobile home on their property, it makes more sense to follow what the ordinance does plainly state, which is that mobile homes are permitted on this land.
Orange County seeks certiorari review of this decision.[2]
*529 The circuit court determined that Lewis could not be found to have violated the terms of the Orange County Code because the Code fails to differentiate between situations where the owner was "residing" in the mobile home and situations where the owner was "using" it for storage. Our review of the matter reveals that in so ruling the circuit court incorrectly construed the Orange County Code and thus departed from the essential requirements of law because this conclusion totally ignored the plain language of conditions 4 and 5 as set forth in section 38-79 of the Code which expressly differentiates between the two. Importantly, both such uses require the owner to obtain a permit. Since Lewis did not obtain a permit or a special exception, his storage of a mobile home on his property violated the terms of the Orange County Code. As such, the Code Enforcement Board properly ordered him to take remedial action.
Petition GRANTED, decision of the Circuit Court QUASHED; and decision of the Code Enforcement Board REINSTATED.
ORFINGER and MONACO, JJ., concur.
NOTES
[1] When the circuit court reviews by certiorari an administrative body's decision the circuit court is required to determine three things: (1) whether procedural due process was accorded; (2) whether the essential requirements of the law were observed; and (3) whether the administrative body's findings are supported by competent substantial evidence. See Dusseau v. Metropolitan Dade County Bd. of County Comm'rs, 794 So.2d 1270 (Fla.2001); Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995).
[2] This court has jurisdiction to review a decision of the circuit court granting or denying a petition for writ of certiorari under Article V, section 4(b)(3), of the Florida Constitution and rule 9.030(b)(2) of the Florida Rules of Appellate Procedure. The standard of review for certiorari in the district court effectively eliminates the substantial competent evidence component and limits the inquiry as follows:

(1) whether the circuit court afforded the parties procedural due process; and (2) whether the circuit court applied the correct law (also expressed as whether the essential requirements of the law have been observed). See Haines City Community Dev. v. Heggs, 658 So.2d at 530 (Fla.1995); Education Development Ctr., Inc. v. City of West Palm Beach, Zoning Bd. of Appeals, 541 So.2d 106 (Fla. 1989). While a departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than a simple legal error, the district court's certiorari jurisdiction is significant: "In essence, the supreme court has cautioned the district courts to be prudent and deliberate when deciding to exercise this extraordinary power, but not so wary as to deprive litigants and the public of essential justice." Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000). See also State v. Miketa, 824 So.2d 970 (Fla. 3d DCA 2002).