972 So.2d 966 (2007)
GEICO GENERAL INSURANCE COMPANY, Petitioner,
v.
FLORIDA EMERGENCY PHYSICIANS, etc., Respondent.
No. 5D07-626.
District Court of Appeal of Florida, Fifth District.
December 21, 2007.
Rehearing Denied January 31, 2008.
*967 Jennings L. Hurt, III and Karissa L. Owens of Rissman, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Petitioner.
Kevin B. Weiss of the Weiss Legal Group, P.A., Maitland, for Respondent.
PALMER, C.J.
GEICO General Insurance Company has filed a petition seeking certiorari review of an appellate decision issued by the circuit court of Seminole County which reversed the county court's decision to grant GEICO summary judgment in a PIP[1] case. Determining that the circuit court's decision constitutes a departure from the essential requirements of the law, we grant the petition and quash the circuit court's order.
Florida Emergency Physicians (FEP) provided emergency medical treatment to Brandon Taylor for injuries which he sustained in an automobile accident. Taylor was covered under an automobile insurance policy issued by GEICO. The policy included $10,000 in PIP benefits, subject to a $2,000 deductible. Taylor assigned his right to secure payment pursuant to his policy to FEP.
After treating Taylor, FEP billed GEICO $279 for its emergency medical services. GEICO responded by issuing to FEP an explanation of benefits which stated that the charges were applied to Taylor's $2,000 deductible. Upon receipt of the explanation, FEP billed Taylor's health insurance carrier, CIGNA, which paid the bill in full.
After receiving payment from CIGNA, FEP sent a pre-suit demand to GEICO requesting policy information, including a "PIP payout sheet."[2] Within 30 days of its receipt of FEP's demand package, GEICO responded by producing a number of documents including a PIP payout log. The log stated that "no payment activity exists for this print request" because no bills had been paid on Taylor's behalf due to application of his $2,000 deductible.
FEP then sent another letter to GEICO explaining that the information received in the response package was insufficient to satisfy FEP's demand package requests. In particular, FEP's letter stated:
Please note that your response does not include several items previously referenced in our 15-Day Letter dated *968 5/10/04. The information previously sent was blank. Specifically, pursuant to Florida Statute 627.4137, 627.7401, 627.736(6)(d) and/or the policy that covers this loss:
1. Copy of the complete PIP pay out log
Please forward this information to our office promptly to avoid litigation.
Thereafter, FEP, as assignee of Taylor's rights under his policy, filed a two-count complaint against GEICO alleging in count
I a breach of contract claim (a claim which was subsequently dismissed and is not an issue in this case), and in count II a declaratory judgment claim. FEP alleged in the declaratory judgment claim that GEICO was provided a written request for a copy of the PIP/Med pay payment log as well as a copy of the policy and declarations page showing coverages in effect; however, GEICO failed to respond to said written request.
GEICO filed a motion for summary judgment asserting that GEICO had fully complied with FEP's pre-suit requests for policy and payment information. The county court held a hearing on GEICO's motion and thereafter entered an order granting GEICO's motion for summary judgment finding: "Defendant provided all the documents Plaintiff requested."
FEP filed a motion for rehearing arguing, in pertinent part, that "the Defendant never produced any document that would allow the Plaintiff to determine what claims were made and when, if any claims have been paid or denied, whether the deductible has been met, and if not how much remains." The motion cited to the Seminole County circuit court's appellate decision in New Hampshire Indemnity Co. v. Rural Metro Ambulance a/a/o William Zaniboni, 04-72-AP (Fla. 18th Jud.Cir.Ct., 2005) to support FEP's argument. The trial court denied FEP's motion for rehearing.
FEP then appealed the county court's decision to the circuit court, sitting in its appellate capacity, raising the following issues for review:
A. The trial court's order denying FEP's motion for rehearing should be reversed, as the court erred by granting summary judgment and not considering new, binding case law from the appellate court (i.e., the decision in Zaniboni).
B. The summary judgment in favor of GEICO should be reversed because FEP was forced to bring suit to determine its status as a claimant due to GEICO's steadfast refusal to provide insurance documentation without first being sued (an argument premised on the circuit court's holding in Zaniboni).
C. The summary judgment in favor of GEICO should be reversed because the trial court was required to apply the law (i.e., Zaniboni) that existed at the time of the summary judgment ruling.
Upon review, the circuit court agreed with FEP's argument regarding the application of the Zaniboni decision and, therefore, reversed the county court's order.
GEICO filed the instant petition for writ of certiorari arguing that the circuit court's opinion must be quashed because it constitutes a departure from the essential requirements of the law. We agree.
The standard of review in the district court, when reviewing a petition seeking certiorari review of a circuit court appellate decision, is limited to a determination of: (1) whether the circuit court afforded the parties procedural due process (not an issue in this case); and (2) whether the circuit court applied the correct law (also expressed as whether the essential requirements of the law have been observed). See Haines. City Community *969 Dev. Heggs, 658 So.2d 523 (Fla.1995). While a departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than simple legal error, the district court's certiorari jurisdiction is significant: "In essence, the supreme court has cautioned the district courts to be prudent and deliberate when deciding to exercise this extraordinary power, but not so wary as to deprive litigants and the public of essential justice." Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla. 2000). See also Orange County v. Lewis, 859 So.2d 526, 528 n. 2 (Fla. 5th DCA 2003).
The circuit court's decision is fundamentally flawed because the ruling is premised on the conclusion that GEICO was required, but failed, to provide a "PIP log" to FEP so that FEP could "determine its status as a claimant with respect to whether the deductible had been met." The circuit court reasoned that the decision in Zaniboni was established precedent in the circuit and "entitled FEP to the PIP log" for this purpose. To the extent that the circuit court concluded that Zaniboni required the PIP insurer to produce a "PIP Log", the circuit court has misread the Zaniboni decision.
In Zaniboni, the circuit court expressly concluded:
No provision of section 627.736, Florida Statutes, dictates that an insurer must provide a PIP log to an insured, or his/her assignee. In fact, there is no provision under section 627.736, Florida Statutes, which requires that an insurer must create a PIP log at all. Thus, the trial court erred when it determined that [the provider] was entitled to a copy of the PIP log.
Buttressing the holding in Zaniboni is the subsequent holding in Southern Group Indemnity, Inc. v. Humanitary Health Care, Inc., 32 Fla. L. Weekly D1396, ___ So.2d ___, 2007 WL 1542019 (Fla. 3d DCA May 30, 2007). There, in response to a similar argument, the Third District held:
Section 627.736(6) does not provide for nor address the insured's right to access documents prepared internally by the insurer. As the insurer's PIP payout log is a document generated by the insurer and is not a document the insurer obtained pursuant to section 627.736(6), we conclude that the circuit court, acting in its appellate capacity, applied the incorrect law by finding that (1) section 627.736(6)(d), Florida Statutes (23), requires an insurer to provide its ipIP payout log to an insured or the insured's assignee, presuit. . . .
Id. at D1397, at ___. Thus, the circuit court's conclusion that GEICO was required to provide a PIP log to FEP is not supported by Florida law.[3]
The circuit court's order constitutes a departure from the essential requirements of the law and, therefore, we grant the petition for certiorari, quash the circuit court order, and reinstate the county court order.
Petition GRANTED; circuit court opinion QUASHED.
SAWAYA and EVANDER, JJ., concur.
NOTES
[1] "PIP" is an acronym commonly used to refer to personal injury protection automobile insurance coverage. See § 627.736, Fla. Stat., (2005).
[2] The terms "PIP payout sheet," "PIP payout log" and "PIP log" appear to be used interchangeably by the parties in the instant case.
[3] The record indicates further that GEICO did provide a payout log to PEP but no payment was listed since the charge had been applied to Taylor's deductible and, accordingly, there had been no payout.