994 So.2d 1202 (2008)
PROGRESSIVE AMERICAN INSURANCE COMPANY, et al., Appellants/Cross-Appellees,
v.
RURAL/METRO CORPORATION OF FLORIDA, Appellee/Cross-Appellant.
No. 5D07-1176.
District Court of Appeal of Florida, Fifth District.
November 14, 2008.
*1204 Kenneth P. Hazouri, Dale T. Gobel and Valencia Percy Flakes, of deBeaubien, Knight, Simmons, Mantzaris & Neal, L.L.P., Orlando, for Appellants/Cross-Appellees.
Maria Elena Abate and Krista S. Kovalcin, of Colodny, Fass, Talenfeld, Karlinsky & Abate, P.A., Fort Lauderdale, Amicus Curiae, Florida Property and Casualty Association.
Dean A. Mitchell, Ocala, for Appellee/Cross-Appellant.
PLEUS, J.
Progressive appeals a judgment in favor of Rural Metro ("RMA"), an ambulance service, which dismissed Progressive's complaint for declaratory relief. The trial court concluded that RMA was entitled to pre-suit disclosure of insurance information from Progressive. Because we find that Progressive has no legal duty under Florida law to provide the requested documentation to the assignee medical provider, we reverse.
When a Progressive insured is in an accident and RMA provides emergency ambulance services, RMA routinely accepts assignments from the insured for personal injury protection ("PIP") benefits. Armed with the assignments, RMA requests payment from Progressive. If payment is not promptly made, and prior to filing suit, RMA sends demand letters requesting payment and the following insurance information: (1) "a PIP payout sheet," (2) the name of the insurer, (3) the name of each insured, (4) the limits of liability coverage, (5) a statement of any available policy or coverage defense, and (6) a copy of the policy." A PIP payout sheet, also known as a PIP log, is a document prepared by the insurance company which lists claims against the account, bills that have been paid, deductible amounts, etc., and would allow a medical provider to *1205 assess the chances of recovering money from PIP benefits.
Progressive sought a declaratory judgment that it did not have a legal duty to respond to these demands. The only issue was whether Progressive had a duty to provide the requested insurance information as a matter of law.
The trial court dismissed Progressive's suit for declaratory judgment based on a Florida Ninth Circuit appellate decision, Am. Vehicle Ins. Co. v. Fla. Emergency Physicians Kang & Assoc., M.D., P.A., as assignee of Stephanie Carrico, 14 Fla. L. Weekly Supp. 352 (Fla. 9th Cir.Ct.2007). As discussed below, the trial court should have determined that Progressive was entitled to judgment as a matter of law.

Subsection 627.736(6), Florida Statutes
RMA relies on sections 627.736(6), 627.7401, 627.4137, and 626.9541, Florida Statutes. Subsection 627.736(6) is inapplicable. Section 627.736 requires that all automobile insurance policies include PIP coverage. Subsection (6) allows an insurance company to investigate PIP claims and request documents from the insured's employers and medical providers to substantiate the claim. It provides, in pertinent part:
(6) Discovery of facts about an injured person; disputes.
(a) Every employer shall, if a request is made by an insurer providing personal injury protection benefits under ss. 627.730-627.7405 against whom a claim has been made, furnish forthwith, in a form approved by the office, a sworn statement of the earnings, since the time of the bodily injury and for a reasonable period before the injury, of the person upon whose injury the claim is based.
(b) Every physician, hospital, clinic, or other medical institution providing, before or after bodily injury upon which a claim for personal injury protection insurance benefits is based, any products, services, or accommodations in relation to that or any other injury, or in relation to a condition claimed to be connected with that or any other injury, shall, if requested to do so by the insurer against whom the claim has been made, furnish forthwith a written report of the history, condition, treatment, dates, and costs of such treatment of the injured person and why the items identified by the insurer were reasonable in amount and medically necessary....
. . . .
(d) The injured person shall be furnished, upon request, a copy of all information obtained by the insurer under the provisions of this section, and shall pay a reasonable charge, if required by the insurer.
Simply stated, subsection 627.736(6) allows an insurer to investigate a PIP claim and paragraph (d) provides that the insured is entitled to copies of any documents obtained by the insurer.
The Third District has previously addressed this issue and properly determined that subsection 627.736(6) does not require pre-suit disclosure to an assignee medical provider. Southern Group Indem., Inc. v. Humanitary Health Care, Inc., 975 So.2d 1247 (Fla. 3d DCA 2008). In Southern Group, a health care provider sued an insurer for PIP benefits and a declaration that it was entitled to receive pre-suit disclosure of the insurer's PIP logs pursuant to subsection 627.736(6). The county court held that the insurer was required to provide such information and the circuit court affirmed. Id. at 1249. The Third District disagreed, finding that "[s]ubsection (6) of the statute pertains to the obligation of the various entities to provide discovery to the insurer." Id. (emphasis in original). In other words, the court recognized that the entire purpose of subsection (6) is to require medical *1206 providers and employers to give information to the insurance company and paragraph (d) simply "allows the insured to obtain a copy of all information obtained by the insurer through this process." Id. at 1250. We agree with the Third District.
Regarding PIP logs, this Court has previously recognized:
No provision of section 627.736, Florida Statutes, dictates that an insurer must provide a PIP log to an insured, or his/her assignee. In fact, there is no provision under section 627.736, Florida Statutes, which requires that an insurer must create a PIP log at all. Thus, the trial court erred when it determined that the provider was entitled to a copy of the PIP log.
GEICO Gen. Ins. Co. v. Fla. Emergency Physicians, 972 So.2d 966, 969 (Fla. 5th DCA 2007) (quoting New Hampshire Indem. Ins. Co. v. Rural Metro Ambulance as assignee of William Zaniboni, 13 Fla. L. Weekly 573 (Fla. 18th Cir.Ct.2005)). As we recognized in GEICO, nothing in Florida Statutes requires even the creation of, much less a legal duty to produce, a PIP log. Moreover, as the Third District properly determined, subsection 627.736(6) creates discovery rights in an insurance company investigating a PIP claim but does not create any discovery rights for a medical provider who is assigned an insured's PIP benefits. The plain language of subsection (6) does not create any pre-suit discovery right for any insurance information in an assignee medical provider.

Section 627.7401, Florida Statutes
RMA also claims entitlement to the insurance information under section 627.7401, Florida Statutes (2006). This statute requires an insurance company to provide form notice of an insured's right to collect PIP benefits under Florida law. Under the statute, all that is required is form notification of PIP benefits and how they work under Florida's No-Fault laws. The insurance company is not required to provide any notice to the assignee medical provider.
Subsection 627.7401(1) provides:
The commission, by rule, shall adopt a form for the notification of insureds of their right to receive personal injury protection benefits under the Florida Motor Vehicle No-Fault Law. Such notice shall include a description of the benefits provided by personal injury protection, including, but not limited to, the specific types of services for which medical benefits are paid, disability benefits, death benefits, significant exclusions from and limitations on personal injury protection benefits, when payments are due, how benefits are coordinated with other insurance benefits that the insured may have, penalties and interest that may be imposed on insurers for failure to make timely payments of benefits, and rights of parties regarding disputes as to benefits.

(Emphasis added). Because section 627.7401 simply provides for form notification of PIP benefits, medical providers are not entitled to obtain policy-specific information under this statute.

Section 627.4137, Florida Statutes
RMA argues that Progressive has a legal duty to furnish the information under section 627.4137, Florida Statutes (2006). However, because the statute is limited to information regarding liability insurance coverage, and because PIP coverage is not the same as liability coverage, section 627.4137 does not create a legal duty for an insurance company to provide insurance information to an assignee medical provider.
Section 627.4137 requires insurers to provide information regarding liability insurance coverage to claimants, as follows:

*1207 (1) Each insurer which does or may provide liability insurance coverage to pay all or a portion of any claim which might be made shall provide, within 30 days of the written request of the claimant, a statement, under oath, of a corporate officer or the insurer's claims manager or superintendent setting forth the following information with regard to each known policy of insurance, including excess or umbrella insurance:
(a) The name of the insurer.
(b) The name of each insured.
(c) The limits of the liability coverage.

(d) A statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the time of filing such statement.
(e) A copy of the policy.
In addition, the insured, or her or his insurance agent, upon written request of the claimant or the claimant's attorney, shall disclose the name and coverage of each known insurer to the claimant and shall forward such request for information as required by this subsection to all affected insurers.
(Emphasis added).
The list in section 627.4137 is nearly identical to the information requested by RMA in this case. As listed above, RMA's demand letters request each of the items listed in section 627.4137 as well as a PIP log. However, the statute is limited to an insurer who "does or may provide liability insurance coverage." Under Florida law, PIP insurance is not liability insurance. Sallade v. Colonial Ins. Co. of Cal., 465 So.2d 1307, 1309 (Fla. 1st DCA 1985). In fact, a driver in Florida is required to carry PIP insurance, but not necessarily liability insurance. Id. Thus, the two are plainly different types of coverage and are not interchangeable terms. The Legislature is presumed to know the plain meaning of terms used in a statute. See, e.g., Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co., 945 So.2d 1216, 1225 (Fla. 2006). In section 627.4137, the Legislature limited the statute to liability insurance coverage. Therefore, it does not impose a duty on a PIP insurer to produce the insurance information requested in this case.

Section 626.9541, Florida Statutes
RMA argues that section 626.9541, Florida Statutes, imposes a duty on Progressive to supply the requested documentation. Section 626.9541 addresses unfair competition and deceptive practices by insurance companies. Although there is no express requirement of pre-suit disclosure in this statute, RMA argues that such disclosure is implicitly required by the statute's duty of good faith and fair dealing.
To the extent this section creates an implied duty of good faith and fair dealing with respect to insurance contracts, such a provision cannot, standing alone, create a legal duty for Progressive to supply insurance information:
[T]he reach of this implied contractual covenant is restricted in several respects. First, the implied covenant is not an independent term within the parties' contract. Thus, it cannot override an express contractual provision. Because the implied covenant is not a stated contractual term, to operate it attaches to the performance of a specific or express contractual provision. There can be no cause of action for a breach of the implied covenant absent an allegation that an express term of the contract has been breached.
Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 896 So.2d 787, 791-92 (Fla. 2d DCA 2005) (internal citations omitted). In this case, RMA points to neither a contractual provision nor a statutory provision which requires production of the information. As in Snow, RMA cannot *1208 use the implied duty of good faith to create a duty which does not otherwise exist.
Section 626.9541 also addresses unfair claims settlement procedures; it does not create a legal duty of pre-suit disclosure. Under Florida law, a party cannot pursue a cause of action for unfair settlement practices until the party has determined that it is entitled to recover under the insurance contract at issue. This Court has previously recognized that under section 626.9541, "a claim for bad faith ... is essentially the same as for a claim for unfair settlement practices." Hartford Ins. Co. v. Mainstream Const. Group, Inc., 864 So.2d 1270, 1272 (Fla. 5th DCA 2004). Because the statute addresses unfair practices in settling claims, it must first be established that coverage exists  there can be no unfair settlement if there is no established coverage to be settled. Id. "[A]n insured is not entitled to discover an insurer's claim file or documents relating to the insurer's business policies or claims practices until coverage has been determined." Id. Until a party determines that coverage exists and the party is entitled to recover, the party cannot pursue a claim for unfair settlement. Obviously, a party cannot use section 626.9541 to investigate whether coverage exists because the provision's protection against unfair practices only applies to a party who is already attempting to recover insurance benefits and settle an existing claim.
Because any implied duty of good faith does not create an independent contract term and because a party cannot recover for unfair settlement practices until after it has been determined that coverage exists, this statute cannot reasonably be read to require pre-suit disclosure by an insurance company.
We have carefully considered the other arguments of RMA and reject them. Progressive has no legal duty to provide any of the requested insurance information.

ATTORNEYS' FEES
Both parties have requested appellate attorneys' fees in this matter. Progressive has requested such fees under Chapter 86, Florida Statutes. Section 86.081, Florida Statutes (2006), provides that "[t]he court may award costs as are equitable." However, "costs" in this statute "are not generally understood as including attorneys' fees." See, Price v. Tyler, 890 So.2d 246, 252 (Fla.2004); Harris v. Richard N. Groves Realty, Inc., 315 So.2d 528, 529 (Fla. 4th DCA 1975). Accordingly, Progressive is not entitled to attorneys' fees.
RMA has petitioned for attorneys' fees under three Florida Statutes  sections 59.46, 627.428, and subsection 627.736(8). Section 59.46, Florida Statutes, provides:
In the absence of an expressed contrary intent, any provision of a statute or of a contract entered into after October 1, 1977, providing for the payment of attorney's fees to the prevailing party shall be construed to include the payment of attorney's fees to the prevailing party on appeal.
This statute is inapplicable for two reasons. First, it recognizes that the prevailing party may be entitled to attorneys' fees. RMA is not the prevailing party. Second, section 59.46 depends on the existence of a statute or contract term providing for attorneys' fees and simply extends that provision to appellate fees. As described below, there is no other statute entitling RMA to fees and RMA does not argue that a contract provides for the award of fees.
Subsection 627.428(1) provides:

*1209 Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary ... the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

(Emphasis added). RMA is not entitled to attorneys' fees under section 627.428 because it is limited to prosecution of suits "in which ... recovery is had." In this case, RMA will not recover insurance proceeds. As this Court has previously recognized, "this statute, and its predecessors, has consistently been interpreted to authorize recovery of attorney's fees from an insurer only when the insurer has wrongfully withheld payment of the proceeds of the policy." Ray v. Travelers Ins. Co., 477 So.2d 634, 636 (Fla. 5th DCA 1985). In this case, because insurance proceeds were not at issue and because RMA was not entitled to recover any wrongfully withheld payment, section 627.428 does not apply.
Finally, RMA alleges that it is entitled to attorneys' fees pursuant to subsection 627.736(8), Florida Statutes:
With respect to any dispute under the provisions of ss. 627.730-627.7405 between the insured and the insurer, or between an assignee of an insured's rights and the insurer, the provisions of s. 627.428 shall apply, except as provided in subsections (10) and (15).
By its plain meaning, subsection (8) merely recognizes that the right to attorneys' fees for wrongfully withheld insurance proceeds applies in litigation over PIP benefits. Subsection 627.736(8) does not provide an independent right to attorneys' fees.
Accordingly, neither party is entitled to recover attorneys' fees in this action.
REVERSED; MOTIONS FOR ATTORNEYS' FEES DENIED.
ORFINGER and TORPY, JJ., concur.