WELLS, Judge.
 

 Progressive American Insurance Company, the plaintiff below, appeals from a
 
 *980
 
 summary judgment entered in favor of the defendants, Gregory, Inc. d/b/a Lon Worth Crow Insurance Agency and USI Insurance Services of Florida, Inc. (collectively “Lon Worth”) on its breach of contract claim. We reverse, and remand for further proceedings described herein.
 

 In late September 1995, James Goff purchased a motorcycle. As had been his practice for over fifteen years, Goff contacted Lon Worth, the insurance agency through which Goff had historically placed his personal and business insurance, and asked that Lon Worth secure coverage for the motorcycle.
 

 According to Jeff Haynes, the then-manager and part-owner of the Lon Worth agency, Goff wanted coverage that would include uninsured motorist coverage (UM coverage); but, because Goff questioned its cost (which almost doubled the cost of coverage), he asked Lon Worth to determine whether UM coverage could be secured for less. Haynes checked and verified that it could not. Despite Goffs purported desire to secure UM coverage, Haynes advised Lon Worth’s staff to bind coverage for Goffs motorcycle with Progressive for bodily injury and property damage coverage only. That same day, a Lon Worth staff member faxed an application and a UM form for motorcycle insurance to Goff.
 

 Pursuant to Lon Worth’s request, Progressive issued a policy excluding UM coverage. A copy of the declaration page of this policy, providing the coverage requested (and explicitly excluding UM coverage), was transmitted by Progressive to both Lon Worth and Goff. At no time did Lon Worth secure a signed UM form from Goff waiving UM coverage.
 

 On November 11, 1995, Goffs motorcycle was involved in a collision in which both the authorized operator and passenger were seriously injured. Goff reported the accident to Lon Worth, which in turn reported it to Progressive. Six days later, Lon Worth asked Progressive to add non-stacked UM coverage to Goffs policy, retroactive to the policy’s effective date of October 5, 1995. This request was supported by a form, not previously provided to Progressive, which evidenced Goffs desire to obtain non-stacked UM coverage. This form, which differed from the one that Lon Worth had faxed to Goff with the application on October 5, 1995, was signed by Goff and dated October 3, 1995. Faced for the first time with confirmation that Goff had not rejected UM coverage as required by law, Progressive revised its policy to include UM coverage and covered the substantial losses incurred in the November 11th accident.
 

 In November 1999, Progressive brought suit against Lon Worth for breach of contract, alleging that Lon Worth had caused it to issue a policy to Goff excluding UM coverage without obtaining a properly signed UM form. Following years of litigation, both parties moved for summary judgment with Progressive claiming that Lon Worth had breached its agency agreement by having Progressive issue a policy excluding UM coverage without the required waiver. Lon Worth claimed that it was entitled to a judgment as a matter of law because it had no obligation to obtain a signed UM form and that exclusion of UM coverage from Goffs policy was just a mistake.
 

 Summary judgment was entered in Lon Worth’s favor. We reverse because disputed fact issues exist.
 
 See Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000) (finding that the appellate court’s standard of review of an order granting summary judgment is de novo and that “[sjummary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled
 
 *981
 
 to judgment as a matter of law”);
 
 Building Educ. Coup. v. Ocean Bank,
 
 982 So.2d 37, 40 (Fla. 3d DCA 2008) (finding that this court reviews a summary judgment order de novo to determine whether, after viewing every inference in favor of the non-moving party, there are any genuine issues of material fact, and, if not, whether the moving party is entitled to judgment as a matter of law).
 

 Section 627.727 of the Florida Statutes expressly provides that
 
 no
 
 motor vehicle policy for bodily injury coverage may be written in this state without also providing UM coverage,
 
 unless
 
 a written rejection of such coverage has been provided:
 

 No motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or issued for delivery in this state ... unless uninsured motor vehicle coverage is provided therein or supplemental thereto.... However, the coverage required under this section is not applicable when, or to the extent that, an insured ... makes a written rejection of the coverage....
 

 § 627.727(1), Fla. Stat. (2009);
 
 see also Bell v. Progressive Specialty Ins. Co.,
 
 744 So.2d 1165, 1166 (Fla. 1st DCA 1999) (“If the insurance company fails to obtain a written rejection, the insured is entitled to uninsured motorist coverage up to the limit of the bodily injury liability coverage provided by the policy.”).
 

 The testimony was that: (1) at the time this policy was written, Progressive issued policies requested by Lon Worth solely on information Lon Worth provided to it; (2) although Lon Worth had no written waiver of UM coverage from Goff, and purportedly knew that Goff wanted UM coverage, it nonetheless had Progressive issue a policy excluding UM coverage; and (3) Lon Worth failed to notify Progressive that Goff had not waived UM coverage until after a claim for UM benefits had been made against the policy. These actions constituted a breach by Lon Worth of the Progressive/Lon Worth agency/principal agreement:
 

 A. [Lon Worth] will:
 

 2. reasonably ensure that all applications are complete and contain accurate information;
 

 [[Image here]]
 

 5. comply with all applicable laws relating to the sale of insurance coverage
 

 [[Image here]]
 

 8. keep accurate records regarding all transactions arising under this Agreement ...;
 

 While these facts confirm that Lon Worth violated the provisions of its agency agreement with Progressive, an issue remains as to whether Progressive sustained any injury as a consequence of that breach.
 
 See Rollins, Inc. v. Butland,
 
 951 So.2d 860, 876 (Fla. 2d DCA 2006) (“The elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach.”);
 
 Knowles v. C.I.T. Corp.,
 
 346 So.2d 1042, 1043 (Fla. 1st DCA 1977) (“It is elementary that in order to recover on a claim for breach of contract the burden is upon the claimant to prove by a preponderance of the evidence the existence of a contract, a breach thereof and damages flowing from the breach.”). This issue turns on whether Goff, the insured, did or did not want UM coverage. If he did, then Progressive suffered no harm as a consequence of Lon Worth’s breach; that is, Progressive incurred no harm flowing from Lon Worth’s failure to either secure a UM waiver or to advise Progressive that it had no UM waiver. If, however, Goff did not want UM coverage or decided after learning of
 
 *982
 
 its cost not to take it, then Progressive was injured because of Lon Worth’s failure to secure a UM waiver from Goff.
 

 We agree with Progressive that a factual dispute exists on this issue. As Progressive points out, a UM form was sent to Goff along with an application for motorcycle insurance on October 5, 1995. That form gave Goff the option to either reject UM coverage entirely or to select UM coverage at an amount less than the bodily injury liability limits of the policy. However, had Goff, as both he and Lon Worth claim, always wanted full UM coverage, there would have been no need to include this UM form in the application package. Moreover, the signed UM form ultimately provided to Progressive after the motorcycle accident was not only different from the form provided to Goff with the application package,
 
 [1]
 
 it also was dated two days earlier. And, if Goff had really always wanted UM coverage as Goff and Lon Worth claim, a UM form stating that Goff wanted non-stacked UM coverage — coverage which Progressive represented was not available for motorcycle policies— would be wholly superfluous. It is, therefore, clear that a disputed fact issue exists as to whether Goff did not want UM coverage, but changed his mind after the accident — a change in position that, when advanced by Lon Worth, caused injury to Progressive. This dispute could not be resolved on a motion for summary judgment.
 

 Accordingly, the judgment entered in Lon Worth’s favor is reversed and remanded for trial on whether Progressive was injured as a consequence of Lon Worth’s breach of contract.
 

 [1]
 

 . In addition to rejecting UM coverage or selecting UM coverage at an amount below the bodily injury limits, this form provided for the selection of non-stacked UM coverage.