GRIFFIN, J.
 

 Petitioner, Johnny Cruz Contreras, seeks certiorari review of a “Decision and Opinion” of a single judge of the Seminole County Circuit Court, sitting in its appellate capacity, affirming the county court’s final judgment in favor of Respondent, 21st Century Insurance Company of California, Inc., in the declaratory judgment action that Petitioner filed. Petitioner also seeks certiorari review of the same court’s decision to award appellate attorney’s fees
 
 *1195
 
 to Respondent for the circuit court appellate proceeding. We see no basis to disturb the decision; however, the award of attorney’s fees represents clear legal error.
 

 In December 2007, Petitioner was injured in an automobile accident. A few days later, Petitioner’s counsel sent a letter to Respondent requesting a copy of any rejection of uninsured motorist [“UM”] coverage signed by Petitioner.
 
 [1]
 
 In response to Petitioner’s letter, on January 9, 2008, Respondent faxed Petitioner’s counsel a copy of the policy declaration page. The policy declaration page indicated that Petitioner’s policy contained no UM coverage. On January 10, 2008, Petitioner’s counsel again sent a letter to Respondent requesting a copy of any written rejection of UM coverage signed by Petitioner.
 

 On March 20, 2008, Petitioner’s counsel filed an action for declaratory judgment in the county court, pursuant to chapter 86, Florida Statutes. In his complaint, Petitioner alleged the following in pertinent part:
 

 8. On or about January 10, 2008, Plaintiff gave a proper notice of covered loss and made a specific request for a copy of the UM rejection. On January 24, 2008, Plaintiff again requested a copy of the UM Rejection Form from Defendant. However, Defendant failed to provide this document.
 

 9. Section 627.4137, Florida Statutes, reads, to wit:
 

 627.4137 Disclosure of certain information required.—
 

 1) Each insurer which does or may provide liability insurance coverage to pay all or a portion of any claim which might be made shall provide, within 30 days of the written request of the claimant, a statement, under oath, of a corporate officer or the insurer’s claims manager or superintendent setting forth the following information with regard to each known policy of insurance, including excess or umbrella insurance:
 

 (a) The name of the insurer.
 

 (b) The name of each insured.
 

 (c) The limits of the liability coverage.
 

 (d) A statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the time of filing such statement.
 

 (e) A copy of the policy.
 

 In addition, the insured, or her or his insurance agent, upon written request of the claimant or the claimant’s attorney,
 

 
 *1196
 
 shall disclose the name and coverage of each known insurer to the claimant and shall forward such request for information as required by this subsection to all affected insurers. The insurer shall then supply the information required in this subsection to the claimant within 30 days of receipt of such request.
 

 10. Plaintiff, by and through his attorney and pursuant to Florida Statutes and the Policy, sent, by facsimile on January 10, 2008, and on January 24, 2008, his request to the Defendant to provide a copy of the UM Rejection!!] Defendant has refused and/or failed to respond to Plaintiffs request for a copy of the UM Rejection.
 

 11. As a result of Defendant’s failure or refusal to respond to Plaintiffs numerous requests for a copy of the UM Rejection, Plaintiff has been placed in doubt as to his right under Florida Statutes, Sections 627.736 and 627.4137, and the Policy, to obtain this information upon request and Defendant’s obligation to provide this required information.
 

 Petitioner’s complaint included a request for attorney’s fees pursuant to section 627.428, Florida Statutes. Respondent promptly served its Answer and Affirmative Defenses, which included as an exhibit a copy of the written UM rejection form signed by Petitioner.
 
 [2]
 
 Respondent incorporated a motion to dismiss or abate within its Answer and Affirmative Defenses. Respondent’s motion to dismiss alleged,
 
 inter alia,
 
 that Respondent had already produced the UM rejection form prior to the filing of Petitioner’s complaint and that it was again producing the requested form with its Answer and Affirmative Defenses.
 

 Three months later, Respondent served a motion for attorney’s fees and sanctions pursuant to section 57.105, Florida Statutes, again asserting that it had provided the UM rejection form to Petitioner by facsimile on January 22, 2008. Respondent more specifically claimed that the UM rejection form was faxed directly from a computer by a former employee of Respondent named Crystal Pacarro, and the evidence that the form had been provided was a claim file log note. The motion purported to attach the claim file log note as exhibit “A,” and also to attach an affidavit of an unidentified individual named “Schrieber.” However, the alleged exhibits were neither attached to the motion, nor, apparently, separately filed with the court. According to Petitioner:
 

 The exhibits are not listed on the trial court docket, were not part of the record on appeal to the Circuit Court, and do not appear to have ever been before the trial court. As such, there is no record evidence to contradict the affidavit of trial counsel for Petitioner which states that the requested uninsured motorist rejection form was received for the first time after suit was filed.
 

 Contemporaneous with its motion for sanctions, Respondent also served a motion for judgment on the pleadings. Respondent’s motion for judgment on the pleadings alleged, as in its motion for sanctions, that the requested UM rejection form was provided both before Petitioner’s complaint was filed and after the filing of the complaint. On October 1, 2008, the court heard Respondent’s motion for judgment on the pleadings and, on October 15, 2008, entered an order granting the motion.
 

 The next day, Petitioner served a “Notice of Confession of Judgment, Motion for
 
 *1197
 
 Summary Judgment and Motion for Attorney Fees and Costs.” Petitioner’s motion argued that the action for declaratory judgment was properly before the court and that Respondent confessed judgment and abandoned all defenses to Petitioner’s action for declaratory judgment when it provided, after the lawsuit commenced, exactly that which Petitioner sought in its declaratory action. In addition, Petitioner argued that Respondent’s confession of judgment entitled Petitioner to attorney’s fees pursuant to section 627.428, Florida Statutes. Respondent, thereafter, served its response to Petitioner’s motion for summary judgment and incorporated its own motion.
 

 The trial court heard argument on the parties’ competing motions. At the close of the hearing, the trial court denied Petitioner’s motion and granted final judgment for Respondent. A review of the hearing transcript reveals that the court was particularly persuaded by Respondent’s contention that section 627.4137, Florida Statutes, did not include the UM rejection letter as one of the items required to be produced by a liability insurer upon the request of a claimant. The trial court expressly rejected Petitioner’s argument that a written UM rejection letter “is part and parcel of the [insurance] policy.” In sum, the trial court found that Respondent had no statutory obligation to provide the written UM rejection form.
 

 On December 8, 2008, the trial court entered its “Order on Motion for Summary Judgment/Order on Motion for Attorney’s Fees and Costs on Plaintiff Cru2/Final Judgment Denying Declaratory Relief and for a Dismissal” [“Final Judgment”]. In this order, the county court concluded in pertinent part:
 

 ORDERED AND ADJUDGED that the Plaintiff CRUZ’s Notice of Confession of Judgment is DENIED as moot, it is further
 

 ORDERED AND ADJUDGED that Plaintiff CRUZ’s Motion for Summary Judgment is DENIED, and it is further
 

 ORDERED AND ADJUDGED that Plaintiff CRUZ’s Motion for Attorney’s Fees and Costs be and is hereby DENIED, and it is further
 

 The determination of the Court that no basis exists for any further declaratory relief, that no basis exists for any monetary recovery of a policy benefit,
 
 that no obligation exists to produce any UM/UIM form under Florida Statute § 6274137 (2007)
 
 and it is
 

 THEREFORE ORDERED AND ADJUDGED that the parties to this action shall go hence, without day, and that FINAL JUDGMENT be and is hereby entered in favor of Defendant 21st CENTURY INSURANCE COMPANY OF CALIFORNIA.
 
 [3]
 

 (Emphasis added).
 

 Petitioner appealed to the circuit court. In his Initial Brief, Petitioner argued that Respondent confessed judgment as a matter of law when it provided the signed UM rejection form after the lawsuit commenced and that the trial court committed error by entertaining Respondent’s defenses.
 

 In its Answer Brief, Respondent argued that, in providing a copy of the signed UM rejection form, it did not “confess judgment” for purposes of section 627.428, Florida Statutes, because Petitioner was not forced to sue to obtain this information. Respondent further argued that because Petitioner’s action did not seek benefits, but instead sought a declaration of his
 
 *1198
 
 right to obtain a signed UM rejection form, the confession of judgment doctrine did not apply. Further, relying on this Court’s opinion in
 
 Progressive American Ins. Co. v. Rural/Metro Corp.,
 
 994 So.2d 1202 (Fla. 5th DCA 2008), Respondent characterized UM coverage as a “first party benefit,” not a liability coverage, suggesting that section 627.4137, Florida Statutes, did not apply.
 

 On October 27, 2009, the circuit court issued its opinion in Petitioner’s direct appeal. The circuit court concluded:
 

 Plaintiff/app ellant filed a single count complaint alleging he was in doubt whether he had uninsured or under-insured coverage [FN. 1]; that he had requested pre-suit a copy of the statutory UM rejection form, but that appellee insurer had failed to furnish one. Ap-pellee insurer filed an answer alleging it had furnished [a] copy of the form to appellant before suit was filed, and attached and incorporated a copy of the form in its answer. The form showed appellant rejected UM coverage. Appellant does not dispute the authenticity of the attached form. The county court then granted appellee’s motion for judgment on the pleadings and entered final judgment in favor of appellee, from which this appeal is taken.
 

 FN. 1: It seems to this Court that a reasonably prudent person would not have been in doubt but would have known whether they had UM coverage; would have kept their auto policy and allied papers with their other important papers where they could find them; or, failing that, would have a quick telephone call to his insurance agent to find out.
 

 Appellant argues here that the “confession of judgment” doctrine applied, entitling him to a final judgment and award of attorneys fees and costs. Appellant cites a number of cases, none of which are factually on point and thus not controlling.
 

 We affirm on the authority of the Fifth District Court’s decision in
 
 State Farm Insurance Company Ins. Co.
 
 (sic)
 
 v. Lorenzo,
 
 969 So.2d 393 (Fla. 5th DCA 2007). There, the court held that the confession of judgment doctrine applies “where the insurer has denied benefits the insured was entitled to, forcing the insured to file suit, resulting in the insurer’s change of heart and payment before judgment, [citations omitted].”
 
 Lorenzo.
 
 The court went on further to observe that “courts generally do not apply the doctrine where the insureds were not forced to sue to receive benefits; applying the doctrine would encourage unnecessary litigation by rewarding a race to the courthouse for attorney’s fees even where the insurer was complying with its obligations under the policy, [citations omitted.]”
 
 Lorenzo.
 
 Since Appellant was properly receiving benefits under the PIP coverage of his policy and was not entitled to UM benefits, we conclude the county court correctly entered a final judgment for appellant [sic]. Consequently, the final judgment is
 

 AFFIRMED.
 

 Further, appellant’s motion for appellate attorney[’]s fees and costs is DENIED. Appellee’s motion for appellate attorney’s fees and costs is GRANTED. This case is REMANDED to the county court to determine the amount.
 

 (Footnote in original).
 

 Petitioner moved for rehearing on the court’s award of appellate attorney’s fees, but the court denied the motion, ruling that the complaint was “not supported by the material facts necessary to establish the single count claim presented to the Trial Court or would not be supported by the application of then existing law to those material facts.” Petitioner now
 
 *1199
 
 seeks certiorari review of the circuit court’s appellate decision and fees award.
 

 The metamorphosis of this declaratory judgment in the course of the proceedings below is unfortunate because the decision actually made by the county court — that Petitioner had no right under section 627.4137, Florida Statutes, to receive, presuit, a copy of the signed UM rejection form from Respondent upon Petitioner’s request for same — is an interesting one. As to the issue actually addressed on appeal, however, we reject the court’s conclusion that the confession of judgment doctrine cannot apply in a case where a party entitled to items specified in section 627.4137, Florida Statutes (2007), was denied them until after filing suit to enforce its rights. Under the unusual facts of this case, however, including the fact that the question whether the form had been turned over before suit was filed was never factually determined, we agree that turning over the form after suit was filed did not constitute a confession of judgment as a matter of law. This appellate issue does not, however, meet the threshold for section 57.105 fees, either as to its factual or legal component. Moreover, the trial court’s award was predicated on an absence of merit at the trial court level. The appellate court’s award of section 57.105 fees should be based on a lack of merit of the appeal, not at the trial level. In many cases, it may be the same, but often, not. This case presents an extreme example of when they are not the same. Accordingly, we deny the petition for writ of certiorari on the merits, but vacate the award of appellate attorney’s fees.
 

 WRIT DENIED; FEES VACATED.
 

 SAWAYA and COHEN, JJ., concur.
 

 [1]
 

 . Section 627.727(1), Florida Statutes (2007), provides in pertinent part:
 

 No motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or issued for delivery in this state ... unless uninsured motor vehicle coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom.
 
 However, the coverage required under this section is not applicable when, or to the extent that, an insured named in the policy makes a written rejection of the coverage on behalf of all insureds under the policy.
 

 (Emphasis added). With respect to the written rejection of UM coverage, section 627.727(1), Florida Statutes (2007) further requires that specific language be included in any written rejection letter to insure that the insured individual has made "an informed, knowing rejection of coverage....” Florida courts have held that if the insurance company fails to obtain a written rejection, the insured is entitled to uninsured motorist coverage up to the limit of the bodily injury liability coverage provided by the policy.
 
 Bell v. Progressive Specialty Ins. Co.,
 
 744 So.2d 1165, 1166 (Fla. 1st DCA 1999).
 

 [2]
 

 . According to Petitioner, this was the first time that Respondent had produced the signed UM rejection document.
 

 [3]
 

 . We cannot find in the record that the trial court ever entered any order regarding Respondent's July 31, 2008, motion for attorney’s fees and sanctions.