# Third District Court of Appeal

## State of Florida

Opinion filed April 26, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2003
Lower Tribunal No. 14-28379
_____

## DNA Sports Performance Lab, Inc. and Neiman Nix,
Appellants,

vs.

## Club Atlantis Condominium Association, Inc.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Damian & Valori, LLP, Peter F. Valori and Amanda L. Fernandez, for appellants.

Fowler White Burnett, P.A., Alice K. Sum and Stephanie M. Chaissan, for appellee.

Before SUAREZ, C.J., and ROTHENBERG, and FERNANDEZ, JJ.

FERNANDEZ, J.

DNA Sports Performance Lab, Inc. and Neiman Nix ("DNA Sports") appeal

the dismissal of their Amended Verified Complaint with prejudice. We reverse the

dismissal because an amendment could have supported a cause of action for breach of contract in count one and tortious interference with a business and contractual relationship in count three, and remand to allow DNA Sports to file a second amended complaint.

DNA Sports is the tenant of commercial premises within a condominium property, pursuant to a lease agreement with the owner, and appellee Club Atlantis Condominium Association, Inc., operates the association for the subject condominium. The Amended Verified Complaint raises counts for breach of contract, specific performance, tortious interference with a business and contractual relationship, invasion of privacy, and negligent misrepresentation against Club Atlantis.

DNA Sports alleged in count one for breach of contract that Club Atlantis owed them express and implied contractual duties for the exclusive use/rental of between five and twelve assigned parking spaces. They further alleged that Club Atlantis materially breached those contractual duties and caused damage as a direct and proximate result of the breaches.

In count three for tortious interference with a business and contractual relationship, DNA Sports alleged that they had an existing and ongoing business relationship with their landlord, of which Club Atlantis was well aware, since Club Atlantis screened DNA Sports as prospective commercial tenants and expressly

2

approved the commercial lease between DNA Sports and the landlord. DNA Sports further alleged that Club Atlantis intentionally and unjustifiably interfered with the ongoing business and contractual relationships between DNA Sports and their landlord, that Club Atlantis intentionally procured the breach of the Commercial Lease Agreement between DNA Sports and their landlord, and that DNA Sports has been damaged as a direct and proximate consequence of Club Atlantic's tortious interference.

The trial court dismissed the Amended Verified Complaint with prejudice as to all counts.[1] It was an abuse of discretion to dismiss the Amended Verified Complaint with prejudice as to counts I and III where the complaint is amendable. The standard or review of an order that dismisses a complaint for failure to state a cause of action is de novo. See Deutsche Bank Nat'l Trust Co. v. Lippi, 78 So. 3d 81, 84 (Fla. 5th DCA 2012).

Count I could be amended to state a cause of action for breach of contract. The elements of a cause of action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (4) damages that resulted from the breach. Progressive Am. Ins. Co. v. Gregory, Inc., 16 So. 3d 979, 981 (Fla. 3rd DCA 2009). DNA Sports could allege the existence of an implied-in-fact contract and/or promissory estoppel. DNA Sports alleged that Club Atlantis owed express

---

[1] DNA Sports consented to the dismissal of count II and focused its appeal on the dismissal of counts I and III.

and implied contractual duties for the exclusive use/rental of assigned parking spaces, which Club Atlantis breached and caused damage resulting from the breach. DNA Sports could also plead additional facts to support the existence of a valid and enforceable contract.

Count III could likewise be amended to state a cause of action for tortious interference with a contractual or business relationship. A claim for tortious interference with a contractual or business relationship consists of four elements: 1) the existence of a business relationship between the plaintiff and a third person, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights, 2) the defendant's knowledge of the relationship, 3) an intentional and unjustified interference with the relationship by the defendant which induces or otherwise causes the third person not to perform, and 4) damage to the plaintiff resulting from the third person's failure to perform. See Seminole Tribe of Florida v. Times Pub. Co., Inc., 780 So. 2d 310, 315 (Fla. 4th DCA 2001). DNA Sports alleged the existence of a business relationship with their landlord and Club Atlantis' knowledge of the relationship. DNA Sports further alleged that Club Atlantis intentionally and unjustifiably interfered with the ongoing business and contractual relationship between DNA Sports and their landlord that resulted in damages. DNA Sports could also plead additional facts to support its claim for tortious interference.

We therefore reverse the trial court's dismissal of DNA Sports' Amended Verified Complaint with prejudice as to counts I and III and remand with instructions to allow DNA Sports to file an amended complaint.

Reversed and remanded.